(January 12, 1939.)

LESLIE JONES, an Infant under the Age of Fourteen Years, by OLIVE GARLAND, His Guardian ad Litem, Appellant, v. THE GREAT ATLANTIC & PACIFIC TEA Co. and JOHANNA TOBIN, Respondents.— Judgments affirmed, with one bill of costs. Memorandum: The difference in elevation between the sidewalk and the concrete slab forming the entrance to defendants' store was so slight that a reasonably prudent person would not have anticipated that it would be the cause of an accident such as happened in this case. In *Tryon* v. *Chalmers* (205 App. Div. 816) it appeared that the plaintiff fell in defendant's store because a marble platform on the stairway had been worn down eleven-sixteenths of an inch. The court held that this was insufficient to show that the defendant was negligent. In *Stark* v. *Franklin Simon & Co., Inc.* (237 App. Div. 42) it appeared that the plaintiff tripped on a metal strip near steps leading to a lower floor in defendant's store and fell. The metal strips were three-eighths of an inch thick. It was held that these facts were not sufficient to charge the defendant with negligence. In *Murray* v. *New York Central R. R. Co.* (229 App. Div. 749; affd., 256 N. Y. 623) the plaintiff testified that as he alighted from the train he stepped on an uneven and wobbly piece of curbing which caused him to fall. He said he examined the place where he fell and found that on one side the mortar or cement in the crack or joint between slabs was approximately three-fourths of an inch higher than on the other side. A nonsuit was granted at the close of plaintiff's proof and it was affirmed by the Appellate Division and by the Court of Appeals. In *Kempe* v. *Concourse Realty Corp.* (237 App. Div. 708) the complaint was dismissed, it appearing that the plaintiff stumbled over a hasp one and one-half inches in height, maintained on iron doors in the sidewalk in front of defendant's theatre. In *Corson* v. *City of New York* (78 App. Div. 481) it appeared that at the spot where plaintiff fell, one piece of flagging was two and three-fourths inches higher than the adjoining piece. It was held that the defect was too inconsiderable to have charged the authorities with the duty of repairing the same. In *Hanstick* v. *Bohack Co., Inc.* (229 N. Y. 654), it appeared that the plaintiff, an infant eight years of age, went with her brother to defendant's grocery store to make a purchase. A wooden box, about three feet long, one foot high and one foot wide, was on the floor flush up against the counter. The infant tripped over the box and was injured. The Court of Appeals said: " We fail to find any evidence of negligence." All concur. (The judgments dismiss the complaint in an action for damages for personal injuries sustained by reason of falling on a sidewalk.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.