WILMA WARNER, appellant, v. LEONARD V. HANSEN, d/b/a
WESTERN AUTO ASSOCIATE STORE, appellee.

No. 49934.

(Reported in 102 N.W.2d 140)

APRIL 5, 1960.

C. T. Cline and Hildreth & Ford, all of Burlington, for appellant.

Pryor, Hale, Plock, Riley & Jones, of Burlington, and McDonald & McCracken, of Davenport, for appellee.

THOMPSON, J.—The plaintiff, a woman 46 years of age, in good health and with good eyesight, entered defendant's store in Burlington on December 29, 1956, for the purpose of buying a toy. She had been for 11 years an instructor in Western Illinois University at Macomb, Illinois. She had never been in this store before. At the time she was wearing shoes with medium height heels and a rather broad base. It was stipulated that she was at all material times an invitee in the store.

Plaintiff suffered a fall shortly after entering the store, through failure to see a step-off from a landing at the bottom of the stairway leading from the first floor to the basement. She mistook the landing for the basement floor proper, and fell from it to the floor, with consequent injuries. At the close of her evidence, the trial court granted defendant's motion for a directed verdict upon six grounds, all of which were based upon the holding that there was no sufficient showing of negligence of the

defendant to engender a jury question. So upon this appeal we must give plaintiff's evidence the most favorable construction it will reasonably bear, and must consider that defendant's motion for a peremptory verdict is in the nature of a demurrer to evidence and admits its truth.

Plaintiff admits the premises were adequately lighted. Her specifications of negligence against the defendant are these: (a) A change in floor level where it would not be expected; (b) a change in floor level not visible from a safe distance away; (c) displaying merchandise on a landing so that an invitee would think it was a part of the main floor; (d) displaying merchandise under such conditions as to distract the attention of an invitee from the change in floor level; (e) failing to provide a handrail for the change in floor level or step; (f) failing to warn plaintiff of the dangerous condition existing in the basement shopping area. The trial court, by granting the motion for directed verdict, held that none of these specifications had been proven.

Some additional statement of facts is required. When plaintiff entered the store she inquired of a clerk on the first floor and was told the particular toy she was seeking would be found in the basement. It is plaintiff's testimony that the employee also told her "she could proceed down the basement stairs since there was a handrail on the stairway." She accordingly went to the stairway and down it. As she reached the head of the stairs she noticed signs which read "Watch Your Step."

The stairway sloped from south to north, so that as plaintiff went down it she was going in a northerly direction. There were handrails on each side, which she noticed ended two steps before the bottom of the stairs was reached. She kept to the right, or east, side of the stairs, holding to the right handrail, as she went down. She held to this rail until she had reached the bottom of the stairway, apparently reaching back with her right hand as she crossed the two bottom steps.

At this point plaintiff believed she had reached the bottom of the stairway and the main basement floor. In fact, however, she was on a landing, the size of which is not directly given us, but which appears from photographs in evidence to have been

perhaps five or six feet square. At any rate it was not large. On the west side of the landing was a wall. On the north, directly in front of plaintiff as she came down the stairs, there was merchandise in the form of toys stacked on the landing and taking up a considerable part of its north area. Back of these toys was the north wall of the building.

It is evident that with a wall at her left, toys and another wall in front of her, and the stairway down which she had just descended behind her, plaintiff could move only to her right. She testified that she could not see to her right until she reached the bottom of the stairs, which were enclosed. Shelves extended across the north wall of the basement, including that portion at the back of the landing. These shelves were horizontal all the way across; that is to say, there was no break in them at the back of the landing. They contained merchandise in the form of toys. On the landing was a "nest" of toy wagons, and on the basement floor immediately adjoining, to the east, was another "nest" of wagons. The height of the two stacks of wagons was substantially the same, because the pile on the basement floor contained more wagons than the stack on the landing, so there was no impression that one was lower than the other.

As Miss Warner reached what she thought was the bottom of the stairway, she was looking at the merchandise displayed before her on the shelves and floor at the back of the landing, and on the shelves along the north wall to the east. She testified that the covering on the landing and on the main floor of the basement was substantially the same color or "value." As she came to what she thought was the end of the stairway she had been looking down to see what was in front of her; but when she reached the landing she watched the merchandise displayed before her, moved to her right and fell from a further step or change in floor level to the basement floor. This was one step, about one to two feet east of the spot where plaintiff reached the landing at the foot of the main stairway. She says she "Just stepped off into space." The step-off was seven to eight inches.

I. An owner of real estate is liable to invitees for injuries from dangers that are not known to the invitee and would not be observed by him in the exercise of ordinary care. Ander-

son v. Younker Brothers, Inc., 249 Iowa 923, 927, 89 N.W.2d 858; Atherton v. Hoenig's Grocery, 249 Iowa 50, 54, 86 N.W.2d 252, 254. The basic rules are discussed and applied in these cases and in others cited therein. It is the defendant's contention here that he was not negligent because the change in floor level was visible to plaintiff if she had exercised ordinary care in looking. Steps and changes in floor levels are so common in buildings, he argues, that an invitee must be on the alert for them; he cannot walk along indifferent to what lies before his feet and then be heard to complain if some change in level causes a fall and consequent injury.

Undoubtedly this is the general rule. But the plaintiff says that she was told there was a railing on the stairway, which led her to believe the stairs ended with the railing, or at least that there were no additional steps around the corner; and that she was distracted by the merchandise on display before her as she descended the stairs and reached the landing. The question is not free from difficulty. But we must remember that we are not here determining whether or not the defendant was guilty of negligence. Our problem is only to say whether, giving plaintiff's evidence its most favorable aspect and taking its truth as admitted by the motion to direct, reasonable minds might say the defendant was negligent. If reasonable minds might differ, there is a jury question. We have reached the conclusion the jury should have been permitted to decide.

II. Authorities on the question of distraction by display of merchandise are lacking in Iowa. There are, however, cases in other jurisdictions which have dealt with the question, and each party here cites such authorities. They are persuasive in proportion as they appear to be well reasoned and logical, but of course are not binding upon us.

Generally, the presence of different floor levels, connected by one or more steps, does not constitute such a dangerous condition as to make the building owner or occupant liable to an invitee. But there may be exceptional circumstances or conditions relating to the character or location of the step or steps which will avoid the general rule, if they are such that the aver-

age prudent person might not see the drop-off. The defendant here of course knew of the condition of the stairway, the landing, and the step-off a few feet to the right of the last step of the stair proper. He knew of the displays of merchandise on the landing and along the north wall to the east. The plaintiff did not know of the change in floor level to her right as she reached the bottom of the stair, or that the landing was not in fact a part of the main floor; that is, that it was not on the same level. The difficult question is whether the situation should have been apparent to her in the exercise of ordinary care. If so, there was no negligence of the defendant in so maintaining its premises or failing to warn her. 38 Am. Jur., Negligence, section 97, pages 757, 758; Atherton v. Hoenig's Grocery, supra.

But we think the governing rule here is that expressed by the Maryland Court of Appeals in Chalmers v. Great Atlantic & Pacific Tea Co., 172 Md. 552, 559, 192 A. 419, 422: "The storekeeper expects and intends that his customers shall look not at the floor but at the goods which he displays to attract their attention and which he hopes they will buy. He at least ought not to complain, if they look at the goods displayed instead of at the floor to discover possible pitfalls, obstructions, or other dangers * * *." It is true, as defendant urges, that this case involved an obstruction arising from leaving a carton of canned goods in an aisle. The same factual situation obtained in Brown v. Slack, 159 Neb. 142, 148, 65 N.W.2d 382, 386, where the Nebraska Supreme Court quoted with approval from Glenn v. W. T. Grant Co., 129 Neb. 173, 260 N.W. 811, 812: " 'Under such surroundings, reason suggests that the proprietor's invitee might not be required to exercise the same or an equal degree of care to avoid obstacles to safety as would be required of the pedestrian upon the open street.' "

However, we find the Minnesota Supreme Court has applied the rules set out above in two cases which cannot be factually distinguished from the one at bar. In Ober v. The Golden Rule, 146 Minn. 347, 178 N.W. 586, the plaintiff, while a customer in the store, was examining goods displayed upon two tables, with an aisle between. There was a space of about eight feet between the tables. In this space were set up display racks. While exam-

ining the goods on the tables, the plaintiff tripped over the foot of one of these frames. The Minnesota court affirmed a judgment for plaintiff, although it said the frames could hardly be overlooked by a customer. But it said that it did not follow that she would look to see how they were supported as she passed along the aisle examining the goods set out for her inspection. Still stronger on its facts is Lincoln v. Cambridge-Radisson Co., 235 Minn. 20, 49 N.W.2d 1, 3. Here the defendant conducted a lunchroom off the main lobby of the Radisson Hotel, which was reached from the lobby by going through an entrance which necessitated one step up from the lobby floor. The plaintiff entered through this doorway, and so must have used the step. After ordering and eating, she approached the cashier's stand to pay her bill. This stand was in the lunchroom, immediately adjacent to the step down to the lobby. As she approached the stand, the plaintiff's view was somewhat obscured by an abutment in the wall and some decorative plants in boxes. While in the act of paying her check, she fell from the step and was injured. The Minnesota Supreme Court affirmed a judgment for the plaintiff, saying that it did not seem unreasonable to expect that the attention of a person intent upon paying his check would be distracted from the floor conditions.

In Cheney v. S. Kann Sons & Co., 37 F. Supp. 493, 495, U. S. D. C., District of Columbia, the defendant's store was so constructed that there was a change in floor level, necessitating two steps, which was immediately adjacent to a rack of dresses displayed and which the plaintiff was inspecting when she fell down the steps. There was a judgment for plaintiff, and in denying motions for judgment notwithstanding verdict and for new trial, the court observed that, although of course plaintiff would have seen the steps had she looked as she approached the rack of dresses, or if she had looked as she turned to get a better light on a dress selected, she was not negligent as a matter of law because her attention was distracted. It was held the degree of care required of a customer in a store is quite different from that of a pedestrian on a street. This discussion is directed to the contributory negligence of the plaintiff; but the questions of the contributory negligence of the plaintiff as an invitee and

the direct negligence of the defendant are so closely related that we find the discussion and holding of the court persuasive.

Benton v. United Bank Building Co., 223 N. C. 809, 28 S.E.2d 491, 493, cited by the defendant, presents only the case of a prospective customer who in attempting to enter a store failed to notice a step down and was injured. It follows the usual rule that an invitee must take notice that there may be changes in floor levels, and presents no question of distraction. Cates v. Evans, Mo. App., 142 S.W.2d 654, which is urged as a highly persuasive authority by the defendant, differs from the instant case in that the distracting influence relied upon was in another store window. Plaintiff was leaving the defendant's store when, as she opened the exit door from which there was a step down to the lobby of the building in which it was located, she noticed some goods on display in a store window across the lobby and so failed to see the step. Of course a storekeeper can hardly be held responsible for distractions not of his own making. So in Smith v. Epstein Realty Co., 133 Neb. 842, 277 N.W. 427, the plaintiff fell down a stairway leading to a basement billiard parlor. At the side of the door leading to the stairway was a show window displaying merchandise for a retail market operated by a food store, which occupied the part of the building there. The stairway did not lead to or afford any entrance to the food market. The entrance to the market was some forty feet distant. Again it is evident the owners of the billiard parlor were not responsible for the merchandise display of the market. Reuter v. Iowa Trust & Savings Bank, 244 Iowa 939, 57 N.W.2d 225, holds only that failure to furnish a handrail on steps is not in itself evidence of negligence of the building owner or occupant. In Atherton v. Hoenig's Grocery, supra, there was no question of distraction; and additionally the defective condition of the steps was known to the plaintiff, who so testified. Hunnewell v. Haskell, 174 Mass. 557, 55 N.E. 320, likewise does not refer to any distracting circumstance.

In Tehan v. Freed, 261 App. Div. 969, 25 N. Y. S.2d 882, 883, a short memorandum opinion of the court merely says that the steps were obvious to anyone who took care to look. It is only through a dissenting opinion that we learn there were dis-

tracting circumstances arising through a display of merchandise. This was apparently not considered by the majority.

Boyle v. Preketes, 262 Mich. 629, 632, 247 N.W. 763, 764, supports the defendant's position. There is not much discussion of the question of distraction, the case seeming to turn largely upon the statement that different floor levels in buildings are so common that the ordinarily prudent person must anticipate the possibility of such conditions. There is, however, this:

"We find nothing in this record which would justify the claim, at least made inferentially in behalf of appellant, that the display of the merchandise here kept for sale because of its attractive nature can be held to lessen the degree of care which plaintiff was required to exercise for her own safety."

Where the merchandise was displayed, whether there was evidence that the plaintiff was looking at it or what relation it had to her fall is not shown. In so far as the case may be construed as a holding that the display of merchandise may not under any circumstances be a sufficient distraction to an invitee to warrant a holding the building owner or occupant was not negligent as a matter of law, or that the invitee who falls down a near-by step or stairway is likewise guilty of contributory negligence, we do not find it persuasive.

The merchant with goods to sell will of course present them in his store in the most attractive displays possible. His business depends upon sales of his merchandise. He hopes customers will be attracted to his store; and it seems beyond argument that after they have entered they will inspect his goods, and, if they find them sufficiently attractive, purchase them. Shoppers, as every merchant knows, will buy where they find the articles they desire and which seem to them most suited to their needs. For this purpose they usually want to inspect the goods offered for sale. They cannot do this without looking at them; and while they are so doing they cannot be closely watching the floor at their feet. Allowance must be made for this when we are considering the question of negligence in maintaining a change in floor level or other obstruction or pitfall in the places where customers will ordinarily walk; where they are in fact invited to walk and inspect the merchandise. It does not

seem unreasonable to expect the proprietor of a merchandising establishment to be cognizant of the fact that his displays of goods, if they have the effect for which he hopes, will distract the attention of his customers to some extent from floor conditions, and to use care commensurate with the situation which he has thus created. He is not an insurer of the safety of his invitees, and we express no opinion as to his negligence, other than to say that the question is for the jury to decide.

 III. We think the questions raised by plaintiff's specifications of negligence (b), (c), (d), and (f) should have been submitted to the jury. It is evident as to (b) that the step from the landing to the basement floor, taking the case made by the plaintiff's evidence, was only perhaps two feet from the right side of the bottom of the main stairway and was not visible until the bottom of the stairway was reached. It is not a case where a change in floor level was in plain view for a considerable distance as a pedestrian approached it. Nor was the warning sign on or above the main stairway calculated to give any indication of the step-off immediately to the right at the bottom. We think the ordinarily prudent person might well construe this to have reference only to care in descending the stairway proper. There is also the consideration that the plaintiff was advised there were handrails on the stairway. This in itself lends some weight to the thought that there would be no additional stairs beyond the end of the rails, except of course as it was evident they did not extend quite to the bottom of the main staircase.

 We have discussed specifications (c) and (d), both of which relate to the question of distraction, in the preceding division of our opinion. As to (f), it is of course elementary that if a potential danger exists of which the invitee does not have knowledge and which might not be discovered in the exercise of ordinary care, a duty to warn exists. Stafford v. Gowing, 236 Iowa 171, 177, 18 N.W.2d 156, 158; Hicks v. Goodman, 248 Iowa 1184, 1190, 85 N.W.2d 6, 9.

 IV. The trial court granted defendant's motion for peremptory verdict upon the first six grounds, all of which related to the supposed absence of a jury issue on defendant's negligence. It did not rule upon the seventh ground, which

alleged contributory negligence of the plaintiff as a matter of law. But if this ground was well taken, the judgment of the court should be sustained. State v. Eichler, 248 Iowa 1267, 1274, 1275, 83 N.W.2d 576, 580. However, the question of contributory negligence here is closely related to that of the defendant's primary negligence, and depends upon the same reasoning, so far as this case is concerned. We think this issue was also for the jury.—Reversed and remanded.

All JUSTICES concur except OLIVER, J., not sitting.