JOHANNA L. MEADER, appellee, v. PAETZ GROCERY CO., INC., appellant.

No. 52219.

1102

DECEMBER 13, 1966.

Shaff & Farwell, of Clinton, for appellant.

Matt K. Wolfe, of Clinton, for appellee.

LARSON, J.—Plaintiff's law action asked damages for personal injuries suffered when she tripped and fell over a box of fruit placed on the floor of an aisle by an employee engaged in restocking a shelf in a self-serve grocery store. In her petition she alleged defendant negligence in failing to maintain its premises in a safe condition for plaintiff's use, in carelessly placing an obstacle in the aisle used by customers, in failing to warn her of this danger, and in displaying merchandise at this place which would distract the attention of an invitee to the dangerous condition of the floor. She further alleged freedom from contributory negligence. Defendant's motions for directed verdict were overruled and there was a verdict and judgment rendered in plaintiff's favor. Defendant appeals, contending the trial court erred in overruling defendant's motion for a directed verdict on the grounds (1) that the plaintiff had failed to prove actionable negligence on the part of the defendant and (2) that the plaintiff had failed to show she was free from contributory negligence.

The principal issue in this appeal is whether the evidence submitted is sufficient to generate a jury question as to defendant's primary negligence, or whether the defendant exercised reasonable care to make its premises safe for plaintiff's presence

as an invitee or for her use for the purpose of the invitation. The trial court felt that a jury question was generated. We must disagree.

At all times herein material defendant owned and operated a self-serve supermarket grocery store at 1105 North Second Street in the city of Clinton, Iowa. On October 3, 1964, at approximately 2:30 p.m. plaintiff, age 74, a regular patron, accompanied by her daughter, entered the south door of this store for the purpose of purchasing groceries. She specifically desired to purchase some cans of peaches then on sale. She knew where they were located and, when her daughter obtained a grocery cart, they proceeded down a seven-foot-wide aisle toward the south to the place where the peaches were shelved, a distance of about 20 feet. At that place the aisle turned eastward and the shelf containing the peaches was on the south wall. At this time she saw a stock boy putting cans of peaches on the shelves. She approached him on his right and, after obtaining several cans of peaches, plaintiff turned to go down the aisle toward the east, tripped over a box of peaches directly behind the boy, and fell. She received injuries therefrom, but as they are not material to a decision on the questions raised herein, they need not be discussed.

It appears defendant's stock boy had brought in four boxes on a two-wheeled cart and had put them on the floor of the aisle, leaving enough room for him to stand between them and the shelf and room in the aisle for two grocery carts to move eastward at the same time. The floor was black-and-white tile squares, and the boxes containing 24 No. 2½ cans were brown in color. The boy had emptied three boxes and had one left on the floor at the time of this accident.

Plaintiff admitted she was familiar with the manner in which the shelves in this store were restocked, and knew the stock boys put cans of fruit and groceries on the shelves, and knew that is what the boy was doing as she approached him. She denied seeing the box of peaches on the floor behind the boy until after she had tripped over it.

I. In considering the propriety of a directed verdict for defendant, we must of course give plaintiff's evidence the most

favorable construction it will reasonably bear. Rule 344(f)(2), Rules of Civil Procedure. However, we find here the relevant facts not in dispute.

The evidence establishes that a box of peaches was on the floor of the seven-foot aisle directly behind the stock boy, who was within a foot of the shelves where the cans of peaches were being placed, that the aisle was not blocked, that this manner of restocking the shelves was the customary way of restocking used by other stock boys, that plaintiff was familiar with this process, that the lighting was good, and there was nothing unusual or abnormal in the situation plaintiff faced on this occasion. The usual sale tags appeared throughout the store on shelved items to attract customers' attention, but plaintiff's objective was first to obtain cans of peaches and then seek other items she had on her list which were located on down the east aisle. Only plaintiff, her daughter who did not see her fall, and the stock boy, were in the vicinity at the time. No warning was given plaintiff of the presence of this box in the aisle.

II. Plaintiff admittedly had the status of an invitee. As a business visitor she was invited to enter or remain on the premises for a purpose directly or indirectly connected with business dealings with the possessor of the property. See Restatement, Second, Torts, section 332(3).

As is pointed out in Restatement, Second, Torts, supra, Comment (a), invitees are limited to those persons who enter or remain on land upon an invitation which carries with it an implied representation, assurance or understanding that reasonable care has been used to prepare the premises and make them safe for their reception. Such invitees are entitled to expect such care, not only in the original construction of the premises and in any activities of the possessor or his employees which may affect their condition, but also in inspection to discover their actual condition or any latent defects followed by such repairs, safeguards or warnings as may reasonably be necessary for their protection *under the circumstances*. Restatement, Second, Torts, section 343, Comment (b).

Our primary concern in such matters is whether under the revealed circumstances there has been a breach of duty on the

part of the possessor of the premises toward the invitee.

██ III. It is well established in most jurisdictions, including our own, that the owner of a retail store is required to maintain it in a reasonably safe condition for customers. Although the owner must exercise reasonable care to keep the premises reasonably safe for customer use, the owner is not an insurer against accident. Christianson v. Kramer, 255 Iowa 239, 243, 122 N.W.2d 283, and citations; Hanson v. Town & Country Shopping Center, Inc., 259 Iowa 542, 144 N.W.2d 870. Also see 65 C. J. S., Negligence, section 5(4), page 512; 38 Am. Jur., Negligence, section 96, page 754. As stated in Hanson, an open or obvious defect might be the equivalent of a trap or pitfall if it appears the possessor knew or should know that the invitee would have no reason to anticipate it, appreciate the hazard created by the condition, or guard against it. We said in that case (page 549 of 259 Iowa) :

"While ordinarily a possessor of real estate would not be liable (or would not reasonably anticipate an unreasonable risk of harm to an invitee from an open or obvious defect), negligence may exist even though a defect is, in fact, open and obvious where the circumstances are such that there is reason to believe it would not be discovered or become obvious to the invitee or the risk of harm involved would not be anticipated or appreciated by the invitee."

██ Of course, the test as to whether the invitee under the circumstances should anticipate or appreciate the risk of harm involved is not a subjective test, but is that of a reasonably prudent man under the revealed circumstances.

██ While, then, an open or obvious defect might be the equivalent of a trap or pitfall simply because the possessor should know that the invitee would have no reason to anticipate it and appreciate the hazard created by the condition so as to guard against it, where the possessor has every reason to know the invitee, as a reasonably prudent person, would anticipate and appreciate the hazard, there is no liability if the invitee disregards it.

As expressed in section 343, Restatement, Second, Torts: "A possessor of land is subject to liability for physical harm

caused to his invitees by a condition on the land if, but only if, he (a) * * * (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) * * *."

Section 343A further provides: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

IV. In a long line of cases following Atherton v. Hoenig's Grocery, 249 Iowa 50, 55, 86 N.W.2d 252, 255, we have applied the rule that a possessor of real estate may avoid the liability owed to an invitee in two ways, "by making and keeping his lands safe, or by warning of the dangers." We observed that actual knowledge of defects and dangers is equivalent to, perhaps better than, a warning. There we were considering section 343, Restatement, Torts, as it then appeared, and paid particular attention to hidden dangers, traps and pitfalls, as distinguished from obvious and apparent defects in the premises. Since that time we have recognized the change in the Restatement, and in Hanson v. Town & Country Shopping Center, Inc., supra, we said there is and can be no arbitrary rule that the possessor of land is under no duty to invitees with respect to open or obvious defects. We also stated in Hanson at page 547 of 259 Iowa: "Defects in premises which are in no sense hidden and could only be classified objectively as open and obvious may be of such nature that the possessor should know the invitee would not anticipate or guard against them in using the premises within the scope of the invitation."

Thus, while it is important to determine in a given case whether the invitee comes upon the premises after a warning or knowledge of its dangerous condition, that fact does not alone qualify the duty imposed upon the possessor to exercise reasonable care for the safety of the invitee. What constitutes due care of an inviter is always determined by the circumstances and conditions surrounding the transaction under consideration. Brown v. Slack, 159 Neb. 142, 65 N.W.2d 382, 385.

The standard of care required is ordinary care under

the circumstances. The degree of diligence required in a particular case in exercising ordinary care will vary with and must be measured in the light of all surrounding circumstances, including physical facts generally. Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388, 391, quoted in Brown v. Slack, supra, 159 Neb. 142, 65 N.W.2d 382, 385, which we cited with approval in Bartels v. Cair-Dem, Inc., 255 Iowa 834, 840, 124 N.W.2d 514; Morrison v. Suburban Trust Co., 213 Md. 64, 66, 130 A.2d 915, 916; Chalmers v. Great Atlantic & Pacific Tea Co., 172 Md. 552, 555, 192 A. 419, 420.

In Morrison, which was an action for personal injuries sustained when plaintiff tripped over a handle of an automobile jack protruding from an automobile in defendant's garage, a judgment was entered for defendant and plaintiff appealed. The court held that the garage owner had not breached any duty owed the plaintiff-visitor, and was not negligent in failing to anticipate the plaintiff would not foresee and guard against the hazard present in the conduct of that business.

In Chalmers, an invitee tripped and fell over a box of canned goods in a narrow aisle leading to a meat counter, and a directed verdict was set aside and a new trial ordered due to the abnormal circumstances revealed by the record. However, the court therein recognized and stated the rule that a proprietor is not required to conduct an ordinary and lawful business at his peril merely because business visitors may be injured due to conditions commonly incident to the business, when they can avoid injury by exercising a degree of vigilance required by conditions. It stated liability follows where the injuries were caused by some abnormal condition of the premises which created a danger which the visitor had no reason to anticipate or to guard against. It pointed out where boxes, cartons, etc., commonly found in a grocery store, are placed in a more or less disorderly way, business visitors must expect to find and guard against those more or less hazardous conditions "because they are an ordinary and usual incident of the business" of which an invitee should be aware.

V. It is conceded here that the defendant store operator owed plaintiff the duty of ordinary care, but it is not realistic

to say that ordinary care in the conduct of a self-serve grocery store, a restaurant, a garage, or a lumberyard, is the same. As the Maryland court stated in Morrison v. Suburban Trust Co., supra, ordinary care in the conduct of a garage does not require that the floor area used in the day-by-day operations be free of jack handles which, in the nature of the business, must constantly be used, or, if not, that a warning of their presence must be given.

Here the conduct of the self-service market was usual and the process of restocking the shelves was normal. Under these circumstances, did defendant have any reason to believe a patron who had been in the store many times shopping would not realize the hazard surrounding the stock replacement? Obviously, it is not the subjective test that must be applied to the term "realization" in such matters. Regular patrons are presumed to know a stock boy replaces the stock, when needed, from boxes, cartons, etc., and they are usually located at or near the feet of the stock boy. Was there any evidence of a breach of duty to use due care under the circumstances here? Nothing appears out of the ordinary in the conduct of this business which we think would justify a charge of defendant negligence. The box from which the stock boy was working left ample room for customers to travel in the aisle. It was not claimed the position of the box on the floor was unusually placed or that it blocked the aisle, as in the lead case of Chalmers v. Great Atlantic & Pacific Tea Co., supra, 172 Md. 552, 555, 192 A. 419, 420, often cited by us in former opinions. See Warner v. Hansen, 251 Iowa 685, 102 N.W.2d 140, and Bartels v. Cair-Dem, Inc., supra, 255 Iowa 834, 124 N.W.2d 514.

VI. True, appellee contends there was evidence of a distraction by appellant, but we find this evidence far from sufficient to sustain a breach of the ordinary care requirement. Factually, this contention has little support in the record. Plaintiff did not say she was distracted by a special display. In any event it did not appear plaintiff was then looking at any special display. She knew where the items she sought were located. She had obtained the peaches and was proceeding to the area of vegetables down the east-west aisle when she tripped

over this box, a box in plain sight which was not blocking the aisle, a box which was being emptied by the very stock boy who had handed her the peaches.

VII. Defects or conditions which an invitee might reasonably be expected to anticipate and guard against in the use of the premises within the scope of the invitation, and slight defects which do not involve any unreasonable risk of harm to an ordinary individual, do not render the premises unsafe. Plaintiff testified that she was aware of the general practice of replacing stock on the shelves during store hours, and knew how this was done by the stock boys. She admitted she saw the stock boy at work stocking the peach shelves.

Unless, then, the defendant had the total duty to protect her from all hazards and insure her safety while in its store, we can find no substantial breach of its duty to provide a reasonably safe place for plaintiff to select and purchase groceries in this self-serve store. We conclude there was no basis for a finding that defendant should have anticipated plaintiff, a regular patron in this store, would not see and appreciate this condition.

In any event, we think defendant and its employee were under no duty to warn plaintiff against these conditions, which were as apparent, foreseeable, and known to her as they were to the store operator. Customers in a supermarket as operated today, and especially those who have for some time been patrons of that market, as reasonably prudent persons, must be charged with the need of foreseeing what experience and familiarity with the premises and business had taught them, in all likelihood, are apt to be encountered as they traverse the aisles looking for grocery and other articles made available to them on shelves and tables. In such circumstance we think the store operator should not be charged with failure to anticipate that the patron would not realize the hazard resulting from the usual and necessary practice of keeping the shelves stocked and take reasonable care to protect himself when encountering that process. In other words, the inviter should not be charged with failure to anticipate that the invitee, aware of the business operation, will not measure up to his obligation and avoid the condition. To hold otherwise would surely make the operator an in-

surer, and all authorities agree the inviter's obligation does not extend that far.

The rule, then, as we view it, is that the possessor of land is held liable for harm caused to an invitee by a condition of which he was aware or, in the exercise of due care, should have been aware, only if he realizes or should realize that the condition constitutes an unreasonable risk to the invitee, and has no reason to believe that the invitee will observe the condition and realize the risk. In considering whether the invitee will discover and realize the risk, the owner is entitled to assume the invitee will act as a prudent person under the circumstances. Restatement, Second, Torts, section 343.

Thus, under the circumstances herein revealed, we hold defendant was not negligent in failing to anticipate that plaintiff would not foresee and guard against the danger encountered when she approached a stock boy engaged in restocking the item she wished to purchase, which danger she actually encountered, and thus conclude there was no breach of any duty owed the plaintiff and no liability for her unfortunate fall and injury.

In view of our conclusion as to primary negligence, we find no need to discuss or determine the submitted issue as to contributory negligence.—Reversed.

All JUSTICES concur except THORNTON, J., not sitting.