LILLIAN CHEVRAUX, appellee, v. EDWARD J. NAHAS et al., d/b/a Commodore Hotel and 3440 Grand Corporation, appellants.

No. 52460.

(Reported in 150 N.W.2d 78)

APRIL 4, 1967.

REHEARING DENIED JUNE 5, 1967.

Hansen, Wheatcraft & McClintock, of Des Moines, for appellants.

Thoma, Schoenthal, Davis, Hockenberg & Wine, of Des Moines, for appellee.

RAWLINGS, J.—Plaintiff brought an action at law to recover for personal injuries alleged to have resulted from a fall as she was leaving the Commodore Hotel in Des Moines.

Trial to a jury resulted in judgment on verdict for plaintiff, and defendants appeal. We reverse.

This hotel, located on Grand Avenue, faces in a northerly direction.

There is a circular paved driveway in the front. A cement sidewalk, about 60 feet in length and ten feet wide, extends from this driveway to steps leading up to the main entrance.

The walk area immediately in front of the entryway had sunk, causing water to accumulate there when it rained and to be covered with ice in the winter. Repairs were deemed necessary.

A new cement slab the width of the sidewalk and extending out about 15 feet from the lowest entrance step was then built. This was completed about August 13, 1965.

As constructed it was four inches higher than the remaining or northerly 45 feet of the sidewalk. A two-inch strip of yellow paint was immediately applied to the front surface edge of the new slab.

Because plaintiff's Exhibit 9 probably discloses the situation as it existed more clearly than could the oral testimony of any witnesses, it is here reproduced.

About five o'clock the afternoon of August 21, 1965, plaintiff and two other women went to the restaurant located in the hotel basement to eat. Approximately one hour later they called for a taxicab and started to leave.

Plaintiff walked down the two exterior steps located near the front door, across the newly placed cement slab, and fell upon reaching the front or north edge. She contends the fall and her resulting injuries were the result of negligence on the part of

defendants in failing to keep their premises in a reasonably safe condition, and failure to give appropriate warning. The slab was then clean, clear and free from debris of any kind.

Defendants made timely motions during trial for a directed verdict, and later moved for judgment notwithstanding the verdict.

In so doing they contended plaintiff had failed to plead and prove any negligence upon which there could be recovery.

The sole issue presented on this appeal is whether defendants were entitled to a directed verdict.

In considering this problem we construe all evidence presented in the light most favorable to plaintiff. Rule 344(f)(2), as amended.

I. It is axiomatic that in cases of this nature the facts peculiar to each are unavoidably controlling as to the matter of negligence.

On the other hand, there are often some similarities to be found in prior cases which may serve as helpful precedents.

Plaintiff had resided in Des Moines about one month before her fall.

She previously lived in a big two-story house. While there she fell and broke her hip, but it had healed and she was able to walk very well. Going up and down stairs proved to be somewhat difficult but she managed, and, in fact, used the stairway in her home many times each day.

Plaintiff's age is not disclosed. However she is apparently an elderly person and at the time here concerned was using a cane.

She and her two companions entered and left the hotel through the main or front door. This means they stepped onto and walked over the cement slab going in, and again crossed it on leaving.

When these ladies left it was still daylight. The day was not bright, being rather dusky, but as a witness for plaintiff stated the lights were not on because "it wasn't necessary; it wasn't late enough."

By way of exclusion we are not here confronted with a situation involving concealed or unlighted hazards as in Corkery

v. Greenberg, 253 Iowa 846, 850–852, 114 N.W.2d 327, or LaSell v. Tri-States Theatre Corporation, 233 Iowa 929, 942–949, 11 N.W.2d 36.

Neither is there any evidence disclosing a distraction as in Warner v. Hansen, 251 Iowa 685, 690–694, 102 N.W.2d 140.

On the other hand constructive notice to defendants of the difference in level between the old walk and new slab is not involved. They had not only directed but in fact instructed their own employees in the construction of the new elevated sidewalk entrance area. See Bartels v. Cair-Dem, Inc., 255 Iowa 834, 840, 841, 124 N.W.2d 514.

Furthermore defendants do not challenge the status of plaintiff. She was a business invitee. Hanson v. Town & Country Shopping Center, Inc., 259 Iowa 542, 546, 144 N.W.2d 870, 873.

II. This court has been repeatedly called upon to consider and determine the duty, obligation and extent of liability on the part of an owner or occupant of land to a business invitee. Two of our more recent cases in this area are Meader v. Paetz Grocery Co., 259 Iowa 1101, 147 N.W.2d 211, and Hanson v. Town & Country Shopping Center, Inc., supra.

We there made it clear an owner or occupant of real estate must exercise reasonable care to keep his property reasonably safe for invitees. However, this does not mean the standard of care to be exercised requires the premises be so free from defects as to guarantee the safety of all such visitors or users.

And, in both of these last cited cases, there was reference, with apparent approval, to the following pronouncements in Restatement, Second, Torts:

Section 343 provides: "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger."

And section 343A states in part as follows: "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Comment (b) under this section provides: "The word 'known' denotes not only knowledge of the existence of the condition * * *, but also appreciation of the danger it involves. Thus the condition * * * must not only be known to exist, but it must also be recognized * * *. 'Obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment."

In connection with the foregoing we said in Hanson v. Town & Country Shopping Center, Inc., supra, loc. cit., 259 Iowa 547, 144 N.W.2d 874: "Defects in premises which are in no sense hidden and could only be classified objectively as open and obvious, may be of such nature that the possessor should know the invitee would not anticipate or guard against them in using the premises within the scope of the invitation."

▐ Then in Meader v. Paetz Grocery Co., supra, loc. cit., 259 Iowa 1106, 147 N.W.2d 215, 216, touching upon the same subject matter this court stated: "While, then, an open or obvious defect might be the equivalent of a trap or pitfall simply because the possessor should know that the invitee would have no reason to anticipate it and appreciate the hazard created by the condition so as to guard against it, where the possessor has every reason to know the invitee, as a reasonably prudent person, would anticipate and appreciate the hazard, there is no liability if the invitee disregards it."

This then means, if an existing condition on the property of an inviter is obvious, that is if both the condition and attendant risk are open, visible and apparent, and would be recognized by a reasonable person in the position of an invitee, then the former would not be liable to the latter for physical harm caused him by the condition of the visited premises.

Actually the basic problem to be resolved is whether defendants breached any duty owing to plaintiff.

The test is reasonableness of conduct on the part of defendants in the placement of the cement slab, with a riser of four inches, as a part of the sidewalk approach to their hotel.

 III. Of course, the mere fact plaintiff fell and was injured is not in itself sufficient to establish, nor does it create a presumption, defendants were negligent. See Pinckney v. Watkinson, 254 Iowa 144, 149, 116 N.W.2d 258, and Buchanan v. Hurd Creamery Co., 215 Iowa 415, 420, 421, 246 N.W. 41.

Under appropriate circumstances different levels in approaches to business establishments, including hotels, are common, ordinary, and often to be expected.

 ˙ The variance in elevation of four inches between the cement slab at the entrance to the Commodore and adjacent sidewalk where plaintiff fell cannot, under the circumstances disclosed, be said to have been hidden or to have presented an unrecognizable hazard for any person using it in broad daylight, keeping a reasonable watch where walking, with no apparent inviter created distractions. These views find ample support in Corrigan v. Younker Brothers, Inc., 252 Iowa 1169, 1173–1175, 110 N.W.2d 246; Warner v. Hansen, 251 Iowa 685, 689, 690, 102 N.W.2d 140; Anderson v. Younker Brothers, Inc., 249 Iowa 923, 926–929, 89 N.W.2d 858; J. C. Penney Co. v. Mayes, Ky., 255 S.W.2d 639, 641, 642; Anderson v. Sears, Roebuck & Co., 223 Minn. 1, 26 N.W.2d 355, 357, 358; Cates v. Evans, Mo. App., 142 S.W.2d 654, 657; Gorman v. World Publishing Co., 178 Neb. 838, 135 N.W.2d 868, 870; Reed v. First National Bank of Wagoner, Okla., 405 P.2d 10, 12, 13; Garner v. Atlantic Greyhound Corporation, 250 N. C. 151, 108 S.E.2d 461, 466–469, 81 A. L. R.2d 741; Seal v. Safeway Stores, 48 N. M. 200, 147 P.2d 359, 361, 362; and Jones v. Great Atlantic & Pacific Tea Co., 256 App. Div. 896, 9 N. Y. S.2d 81, 82. See also Fleming, The Law of Torts, Second Ed., pages 412–416.

Certainly plaintiff, upon leaving this hotel in the daytime and undertaking to walk across the same sidewalk approach over which entrance to the establishment had just recently been

gained, should have looked, and looking have seen the open and evident variance in elevation.

Furthermore she cannot be absolved from the exercise of reasonable care and watchfulness as to where walking merely because of the use of a cane. In fact it would seem anyone using a cane would normally give closer attention than usual to the place where the person might be stepping. Be that as it may, plaintiff makes no claim the use of a cane was a factor involved in her fall.

IV. Pursuing the matter one more step plaintiff, in part, takes the position the entryway area was defective and dangerous in that when viewed from the hotel doorway it, in conjunction with the old sidewalk, created an "optical illusion" giving the appearance of a straight path all the way down.

Our task is not to weigh the evidence but rather to determine whether, in this case, the optical illusion theory may be invoked or is applicable.

Plaintiff cites no authorities supporting an application of this concept under existing facts and we find none.

An optical illusion is a perception which fails to give the true character of an object. In most if not all optical illusion cases *plaintiff looked where he was stepping, and what he saw gave the illusion of being something else.* That is, he saw the object but because of its ambiguous character failed to identify it properly. See Reynolds v. Mion and Murray Co., 93 Ga. App. 37, 90 S.E.2d 593, 596.

Some cases, here inapplicable, have adopted the optical illusion principle *but only in connection with interior areas which were dimly and artificially lighted, with close similarity in color, design and material of the floor levels,* where the variance was such as not to be reasonably expected. Lattner v. Immaculate Conception Church, 255 Iowa 120, 122–125, 121 N.W.2d 639; Mulford v. Cotton States Hotel Co., 213 N. C. 603, 197 S. E. 169; Raylass Chain Stores, Inc. v. De Jarnette, 163 Va. 938, 178 S.E. 34; and Crouse v. Stacy-Trent Co., 110 N. J. L. 124, 164 A. 294. But see Kelley v. Luke, 140 Neb. 283, 299 N.W. 593, 595, 596.

However, in the case at hand, the area was exterior, it was daylight, plaintiff's view was unobstructed, the slab was

newly placed, clean and clear, with a yellow line at the upper north edge, *and any illusion to which plaintiff refers was the result of a view from the hotel doorway, not from looking where she was stepping at or reasonably near the point of variance in sidewalk levels.*

Some light is shed upon the situation by plaintiff's answers to the following questions asked her on redirect examination:

"Q. Mrs. Chevraux, you have stated that you were talking as you walked side by side with these other ladies as you were coming down the walk. A. Yes.

"Q. Were you arm and arm with them, holding on to them? A. No, just close together.

"Q. Just close together. So you weren't using them for external support? A. No.

"Q. All right. You say you were talking with the other ladies? A. Yes, we were conversing.

"Q. While you were talking were you looking where you were going or were you looking where they were, do you remember? A. Well, we all was looking toward the cab and ahead of us, if that's what you want to know."

Without foreclosing the possible application of the optical illusion theory to exterior areas, we conclude, under the factual situation here disclosed, the "optical illusion" concept is not applicable and did not in any event constitute a defect or danger against which plaintiff was entitled to be protected.

To hold otherwise would serve to make defendants liable as insurers, not for their negligence. See Garner v. Atlantic Greyhound Corporation, 250 N. C. 151, 108 S.E.2d 461, 81 A. L. R.2d 741, and Bowles v. Elkes Pontiac Co., Fla., 63 So.2d 769, 771, 772.

V. With respect to claimed failure by defendants to give warning, the record reveals they did apply a coat of yellow paint to the front surface edge of the slab.

Referring again to section 343A, Restatement, Second, Torts, quoted supra, a possessor of land is not liable to his invitees for physical harm caused them by any condition which, with any attendant peril, is open and obvious. And, as we have already determined, the variance in level between the sidewalk and new

entrance slab was apparent, visible, discernible, and reasonably to be anticipated.

There is no basis upon which to conclude defendants had reasonable cause, under the circumstances, to anticipate plaintiff-invitee would not discover the obvious condition and appreciate any attendant danger. See Meader v. Paetz Grocery Co., 259 Iowa 1101, 1106, 147 N.W.2d 211, 215–218.

VI. This case must be reversed and remanded with directions to set aside the judgment entered in favor of plaintiff and enter judgment for defendants notwithstanding the verdict. —Reversed and remanded.

GARFIELD, C. J., and SNELL, MOORE, STUART and MASON, JJ., concur.

LARSON and BECKER, JJ., dissent.

THORNTON, J., not sitting.

LARSON, J.—I respectfully dissent. The real question presented here is whether under the evidence a jury could find that the defendant had cause to believe the invitee would not discover or realize the hazard caused by the step where she fell. It seems to me the question of whether the yellow line placed at this step was sufficient to apprise the plaintiff, as a reasonably prudent person unacquainted with this area, of the existence of the hazard, should be submitted to the jury. It should not be decided as a matter of law.

BECKER, J., joins in this dissent.