Lloyd A. MUNDY, Appellant,

v.

Frank WARREN and Joanne Warren, Appellants,

and

Hoak Construction Company, Appellee.

No. 59726.

Supreme Court of Iowa.

July 26, 1978.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, by Robin L. Hermann, Des Moines, for appellant Mundy.

Grefe & Sidney, by Henry A. Harmon, Des Moines, for appellants Warren.

Hansen, Wheatcraft & McClintock, by William D. Scherle, Des Moines, for appellee.

Considered by MOORE, C. J., and RAWLINGS, UHLENHOPP, HARRIS and McCORMICK, JJ.

UHLENHOPP, Justice.

This review of an Iowa Court of Appeals decision involves the interrelated negligence charges of failure to cover and failure to warn with respect to an open manhole.

Defendants Frank and Joanne Warren built an apartment complex as owners. They contracted with separate firms for construction of various parts of the work. One contractor was defendant Hoak Construction Company, which performed the drain, sanitary, and storm sewer work. Another contractor was Gibson Construction Company, which in turn subcontracted with Riddley Construction Company to perform concrete work. Plaintiff Lloyd A. Mundy worked for Riddley as an employee.

Hoak constructed an intake manhole at a junction of storm sewer lines. The manhole covers had not yet arrived from Hoak's supplier, and Hoak left the manhole uncovered. About eight inches of the intake pipe protruded above ground. About one to two feet from the pipe, a mound of earth approximately one to two feet high surrounded the manhole.

Mundy, walking toward a place at which the Riddley crew was about to pour concrete, fell into the open manhole and sustained injuries. He sued Warrens and Hoak. The jury found for Warrens but allowed Mundy damages of Hoak. On Hoak's motion, the trial court granted a new trial as to all parties. Mundy appealed, objecting to the new trial ordered between him and Hoak, and Warrens appealed, objecting to the new trial ordered between Mundy and them.

We transferred the appeal to the Court of Appeals. That court reversed, reinstated Mundy's original judgment against Hoak, and upheld the original judgment in favor of Warrens.

Hoak applied to us for further review. Mundy and Warrens resisted. We granted the application.

In this court Hoak presents two main contentions: the Court of Appeals erred in holding (1) the trial court's instructions proper which separately submitted against Hoak failure to cover and failure to warn and (2) Hoak lacks standing to challenge a jury instruction allegedly favorable to Warrens.

I. *Instructions Against Hoak.* That Mundy was an invitee on the premises is beyond dispute. The trial court told the jury in its marshalling instruction that in order for Mundy to recover from Hoak, Mundy had to establish, inter alia, Hoak was negligent in one or more of the particulars alleged. The court then submitted two

such particulars with respect to Hoak—failure to cover the manhole and failure to warn of the uncovered manhole. In Instruction 10 the court told the jury:

Plaintiff alleges defendant Hoak Construction Company was negligent in failing to place a protective cover over the open manhole so as to make it reasonably safe.

Defendant Hoak Construction Company owed to employees of other subcontractors the duty of exercising ordinary care under the circumstances for their safety so as to avoid unreasonable risk of harm.

If plaintiff has established by a preponderance of the evidence:

(1) That at the time and place here involved and as claimed by plaintiff, said defendant by its employees had left open a manhole;

(2) That under the circumstances then present the exercise of ordinary care for the safety of employees of subcontractors other than Hoak Construction Company so as to avoid unreasonable risk of harm required that a protective cover be placed over the manhole;

(3) That defendant Hoak Construction Company failed to exercise reasonable care to place or have placed a protective cover over the open manhole;

then such failure, if any, would be negligence on the part of defendant Hoak Construction Company.

In Instruction 11 the court told the jury:

Plaintiff alleges defendant Hoak Construction Company was negligent in failing to exercise reasonable care to warn plaintiff of the presence of the open manhole.

Defendant Hoak Construction Company owed to employees of other subcontractors the duty of exercising ordinary care under the circumstances for their safety so as to avoid unreasonable risk of harm.

If plaintiff has established by a preponderance of the evidence:

(1) That at the time and place here involved and as claimed by plaintiff, said defendant by its employees had left open a manhole;

(2) That under the circumstances then present the exercise of ordinary care for the safety of employees of subcontractors other than Hoak Construction Company so as to avoid unreasonable risk of harm required that a warning be given of the existence of the open manhole;

(3) That defendant Hoak Construction Company failed to exercise reasonable care to give a warning of the existence of the open manhole;

then such failure, if any, would be negligence on the part of defendant Hoak Construction Company.

Hoak contended throughout that he had a duty to guard *or* warn, but the instructions permitted the jury to find two duties, guard *and* warn. In granting Hoak a new trial, the trial court accepted Hoak's contention. In reversing the grant of a new trial, the Court of Appeals rejected Hoak's contention. Which view is right?

■ Preliminarily we note that since the court granted a new trial on allegedly erroneous instructions, our problem is not whether the trial court abused its discretion but whether the challenged instructions are legally erroneous. *Harris v. Clark*, 251 Iowa 807, 103 N.W.2d 215; *In re Estate of Murray*, 238 Iowa 112, 26 N.W.2d 58.

In recent years this court has applied principles restated by the American Law Institute regarding tort liability for hazardous conditions on land. E. g., *Atherton v. Hoenig's Grocery*, 249 Iowa 50, 86 N.W.2d 252. We deal in this phase of the case with the conduct of a contractor on land (Hoak) and of possessors of land (Warrens).

■ The Institute states in § 384 of Restatement of Torts 2d:

One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys and same freedom from liability, as though he were

the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge.

Comment *a* to this section states in part:

This Section applies to a person who on behalf of the possessor of land erects thereon a structure or creates any other artificial condition, whether in so doing he is acting as the possessor's servant or as an independent contractor and whether he does the work for reward or gratuitously.

■ We turn therefore to the duty of a possessor of land toward an invitee such as Mundy—an employee working on the land for a subcontractor. The general rule regarding a possessor of land is stated in § 343 of the Restatement:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

■ Section 343A(1) contains a qualification on § 343, and then the qualification is itself qualified:

A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

If the possessor should anticipate harm despite knowledge or obviousness, due care may thus require that he give additional warning in order for the warning to be adequate or that he make the condition reasonably safe. § 343A, Comment *f.*

Iowa decisions involving these principles include *Atherton v. Hoenig's Grocery, supra; Hanson v. Town & Country Shopping Center, Inc.*, 259 Iowa 542, 144 N.W.2d 870; and *Meader v. Paetz Grocery Co.*, 259 Iowa 1101, 147 N.W.2d 211.

The relevant portion of Hoak's exception to Instructions 10 and 11 was this:

That this defendant objects to Instruction Number 10 and 11 for the reason that said instructions impose separate— or alleged separate allegations of negligence on the defendant Hoak Construction Company; that the same should be a joint or combined specification of negligence rather than separate allegations of negligence, for the reason that the failure to place a protective cover over an area— over an open manhole and the failure to warn plaintiff of the presence of an open manhole, the second portion or the second allegation on failure to warn would deal with a question of what protection or guarding other than a cover was given to an open manhole, and when said specifications are separated it imposes a greater duty than imposed by law upon the defendant Hoak Construction Company.

We deem this exception sufficient to alert the trial court to the argument Hoak now makes, and indeed it did alert the trial court.

■ We agree with the trial court that Instructions 10 and 11 erroneously permit a jury to find Hoak had a duty to warn *and* to make safe whereas compliance with either of these duties is ordinarily sufficient. *Atherton v. Hoenig's Grocery, supra*, 249 Iowa 50, 86 N.W.2d 252. The court should have spelled this out by tying the two instructions together. In addition, the court should have covered the contingency of Hoak's duty if Hoak should reasonably have anticipated harm notwithstanding the character of the manhole and surroundings—in view of substantial evidence on which the jury could so find. Restatement, Torts 2d § 343A. The trial court was right that Instructions 10 and 11 were erroneous in the form given.

The question therefore becomes, was Hoak prejudiced by the erroneous instructions? The problem here is that we have a general verdict against Hoak; we do not know specifically what the jury found. If the jury found as a fact that Mundy had *adequate* warning of the open manhole from the surrounding circumstances, then Hoak did not have an additional duty to cover. A possessor of real estate, and here a contractor, "may avoid the liability owed to an invitee in two ways, 'by making and keeping his lands safe, *or* by warning of the dangers.'" *Meader v. Paetz Grocery Co.,* supra, 259 Iowa 1101, 1107, 147 N.W.2d 211, 216, quoting from *Atherton v. Hoenig's Grocery, supra* (italics added). Yet from Instructions 10 and 11 the jury could have concluded Hoak had double duties.

The verdict can be saved only if the record establishes that Hoak was negligent as a matter of law in failing to warn. We cannot so hold on this record. First, Hoak's duty to warn would not arise unless a reasonably prudent person in Mundy's situation would not have discovered or realized the danger or unless Hoak should reasonably have anticipated that a workman would fail to protect himself. Restatement, Torts 2d § 343(b). But these are jury questions here. Second, if the duty to warn existed, the location of the manhole, its construction, and its surroundings create a jury issue as to whether the duty was reasonably discharged. Seldom does a party having the burden of proving a proposition establish it as a matter of law. *Johnson v. Svoboda,* 260 N.W.2d 530 (Iowa). Prejudice thus appears from the giving of Instructions 10 and 11.

We hold that the trial court rightly granted a new trial between Mundy and Hoak on account of erroneous Instructions 10 and 11.

II. *Hoak's Standing.* In its new-trial motion, *Hoak* objected to an instruction it claimed was erroneously favorable to *Warrens.* On this basis the trial court granted Mundy a new trial against Warrens. The Court of Appeals held Hoak lacked standing to object to the instruction and reversed the grant of a new trial between Mundy and Warrens.

In this court Hoak again assigns error in the trial court's instruction on Warren's duty toward Mundy. This error, if error there was, went against Mundy, and Hoak has standing to object only if Hoak was prejudiced by the claimed error. *Hagenson v. United Tel. Co.,* 209 N.W.2d 76 (Iowa). Hoak contends its right of contribution or indemnity against Warrens would be foreclosed by a judgment dismissing Mundy's claim against Warrens.

Hoak's contention would be well taken if Hoak had a right of contribution or indemnity against Warrens but it does not, for Hoak itself installed the manhole and left it open. Indemnity operates the other way under these circumstances. *United States v. Chicago, R. I. & P. Ry.,* 171 F.2d 377 (10 Cir.); *Preferred Accident Ins. Co. v. Musante, Berman & Steinberg Co., Inc.,* 133 Conn. 536, 52 A.2d 862; *Brown Hotel Co. v. Pittsburgh Fuel Co.,* 311 Ky. 396, 224 S.W.2d 165; *Middlesboro Home Tel. Co. v. Louisville & N. R. R.,* 214 Ky. 822, 284 S.W. 104; *Daly v. Bergstedt,* 267 Minn. 244, 126 N.W.2d 242; *Jackson v. Associated Dry Goods Corp.,* 13 N.Y.2d 112, 242 N.Y.S.2d 210, 192 N.E.2d 167; *Maryland Cas. Co. v. Frederick Co.,* 142 Ohio St. 605, 53 N.E.2d 795; Restatement, Torts 2d § 886B(e) (Tent. Draft 18) (indemnitee entitled to indemnity where "indemnitor created a dangerous condition of land or chattels, as a result of which both were liable to the third person, and the indemnitee innocently or negligently failed to discover the defect"). See Prosser, Torts, § 51 at 311–312 (4th Ed.).

Hoak has not shown prejudice to itself entitling it to object to an instruction allegedly favorable to Warrens. The trial court's grant of a new trial between Mundy and Warrens was erroneous.

We thus disagree with the disposition of the Court of Appeals reinstating the judgment against Hoak and agree with its disposition upholding the judgment for Warrens.

DISTRICT COURT JUDGMENT AF-FIRMED IN PART, REVERSED IN PART.

COURT OF APPEALS DECISION AF-FIRMED IN PART, REVERSED IN PART.