**Dennis R. BYERS and Jackie Byers, Appellants,**

v.

**CONTEMPORARY INDUSTRIES MIDWEST, INC., Appellee.**

No. 86–1826.

Supreme Court of Iowa.

Feb. 17, 1988.

David A. O'Brien, Sioux City, for appellants.

William J. Rawlings of Kindig, Beebe, Rawlings, Nieland Probasco & Killinger, Sioux City, for appellee.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

In this appeal the plaintiffs challenge the legal standard of care applied by the trial court, as well as the court's finding of fact. This court is asked to establish a higher standard of care for owners of convenience stores to invitees than required of other possessors of real estate. We decline to adopt the higher standard of care and affirm the judgments of the district court.

I. *Background.*

The plaintiff, Dennis Byers, was injured on January 16, 1984, while he was entering a convenience store owned by the defendant, Contemporary Industries, Midwest, Inc. Byers parked approximately two feet from the curb along the front of the store. Although the parking lot and sidewalk had been cleared of snow and ice, there was a strip of snow and ice along the curb. Byers stepped out of his car without looking and slipped on the snow along the curb.

Byers brought a negligence suit against Contemporary Industries. In a trial to the judge, the court found that the defendant was not negligent and denied recovery. In making this determination, the district court ruled that Byers was an invitee and applied the standard of care articulated in *Hanson v. Town & Country Shopping Center*, 259 Iowa 542, 546–49, 144 N.W.2d 870, 873–75 (1966). In *Hanson* we held a store owner liable for injury to an invitee caused by a condition of the property if the store owner (a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to an invitee, and (b) should suspect that an invitee will not discover or realize the danger, or will fail to protect himself from it. *See also Mundy v. Warren*, 268 N.W.2d 213, 217 (Iowa 1978) (citing *Restatement (Second) of Torts* §§ 343, 343A(1) & comment f).

II. *Scope of Review.*

In our review of this law action, the trial court's findings of fact have the effect of a special verdict. *Whitaker v. State*, 382 N.W.2d 112, 114 (Iowa 1986). The findings of the trial court are broadly and liberally construed, rather than narrowly or technically. In case of doubt or ambiguity, findings will be construed to uphold, rather than defeat, the judgment. *Frantz v. Knights of Columbus*, 205 N.W. 2d 705, 708 (Iowa 1973). When the trial court in a law action tried to the court denies recovery because a party failed to carry the burden of proof on the issue, we will not interfere on appeal unless we find the party carried its burden of proof as a matter of law. *Liberty Mut. Ins. Co. v. Winter*, 385 N.W.2d 529, 532 (Iowa 1986). On appeal the plaintiff assumes a heavy burden to sustain a claim that the defendant is negligent as a matter of law.

III. *Analysis.*

Byers urges we adopt a higher standard of care for owners of convenience stores because they cater to customers that are in a hurry. In support of this theory, Byers attempted to create an analogy between this case and the line of cases which deal with customers distracted by merchandise displays. *See Warner v. Hansen*, 251 Iowa 685, 102 N.W.2d 140, 145–46 (1960). Byers contends that by creating an environment catering to people in a hurry, the store creates a distraction for the customers.

In distraction cases it is necessary for the injured party to demonstrate a specific distraction caused by the defendant. *See Corrigan v. Younker Bros., Inc.*, 252 Iowa 1169, 1174–75, 110 N.W.2d 246, 248–50 (1961) (social environment was not a specific distraction caused by defendant). A store owner does not create a specific distraction by offering convenient shopping to customers. We conclude the trial court applied the correct standard of care.

The trial court found the plaintiffs had failed to prove the defendant was negli-

gent. We do not find the plaintiffs have proven the defendant negligent as a matter of law.

AFFIRMED.