ALECTA NEWBURY AND CHARLES H. NEWBURY, PLAINTIFFS-APPELLANTS, v. AMERICAN STORES COMPANY, DEFENDANT-RESPONDENT.

Submitted May 31, 1935—Decided October 9, 1935.

For the appellants, *Theodore D. Parsons*.

For the respondent, *DeVoe Tomlinson*.

The opinion of the court was delivered by

HEHER, J. Plaintiff Alecta Newbury sued to recover damages for injuries asserted to have been tortiously inflicted. Her husband joined *per quod*. The gravamen of the complaint was that defendant failed in its duty to maintain its store premises, situate in the borough of Manasquan, in a reasonably safe condition; and the case claimed to have been made by the evidence was that an "ordinary plank" was installed as a base for the entrance door, one "without a slope as is customary on thresholds of doors," and that, in consequence thereof, Alecta tripped and fell to the floor as she entered the store on August 5th, 1932. The jury rendered a verdict for the defendant; and from the judgment entered thereon plaintiffs appeal.

Error is assigned on the admission by the trial judge, over appellants' objection, of evidence that, for the period of five years this alleged defective construction had existed, two thousand people had entered defendant's store weekly, of whom five hundred entered through the doorway at which Alecta fell. Later questions framed to elicit evidence as to whether any of these people had fallen at the entrance in question were overruled; but appellants maintain that the admitted evidence is condemned by *Temperance Hall Association of Trenton* v. *Giles*, 33 *N. J. L.* 260; *Bobbink* v. *Erie Railroad Co.*, 75 *Id.* 913; *O'Brien* v. *Staiger*, 101 *Id.* 526; *Crouse* v. *Stacy-Trent Co.*, 110 *Id.* 124; *Schnoor* v. *Palisades Realty and Amusement Co.*, 112 *Id.* 506; *Leech* v. *Hudson and Manhattan Railroad Co.*, 113 *Id.* 366, and that the subsequent action of the trial court, "in ruling out this question, was too late: the damage had already been done."

This claim is devoid of merit. It would seem that the evidence thus adduced, standing alone, was immaterial and harmless. For all that appears, pursuit of the inquiry might well have disclosed evidence favorable to appellant. But however that may be, counsel was plainly content with the

later ruling that evidence of no like prior mishap was inadmissible; he regarded it as definitely eliminating that question from the case. It is to be observed that the objection voiced here is limited to the narrow ground that the implications thereof were prejudicial beyond the power of the trial judge to repair. But this is manifestly not the case; and counsel so viewed it at the time. He considered the final disposition an adequate corrective. There was no motion to strike out the testimony now asserted to have been erroneously admitted; nor was there a request for an appropriate instruction, or for relief in any other form. The trial judge possessed ample curative powers that were not invoked.

Secondly, it is urged that the trial judge, in effect, charged the jury that "the question of the obligation of the plaintiff to examine the entrance before entering, was a question of fact for their determination;" and that this was error. This criticism is unsubstantial. The trial judge pointed out that it was the defendant's contention that Mrs. Newbury was "familiar with the construction and the relation of the floor of the store to the entrance-way," by reason of repeated calls "covering a period of years" before the occurrence of the accident, and that, since she "should have known, if she had been looking, especially due to her familiarity with the store, that she would have seen the elevation of the floor above the concrete step leading from the street," the duty rested upon her "not to stub her toe, if she did." He concluded thus: "That may or may not be so, members of the jury; that is a factual question for you to determine." And in submitting to the jury, as an issue of fact, the question of whether this plaintiff was guilty of contributory negligence, he said: "Could she have seen by looking? Was there a duty to look?"

The insistence is that, by these passages, the trial judge submitted to the jury, as issues of fact, the questions (1) whether Mrs. Newbury "was under a duty not to stub her toe," and (2) whether she "was under a duty to look;" that these were questions of law and not of fact; and that thereby "the door was opened wide for their deliberation upon a question of law."

But this contention is specious. Considered in relation to the evidence tending to support the inference that Mrs. Newbury, by reason of frequent visits to the store over a period of years, was familiar with the claimed faulty construction, and the duty imposed upon her to exercise that degree of care for her own safety that was reasonable under the circumstances, these instructions are not tainted with prejudicial error. When viewed in the light of the whole charge, it is clear that the jury was correctly guided in the application of the pertinent principles of law; and this is the test in appraising isolated passages. They were instructed that this plaintiff had "the right to presume that" the store entrance was "free from dangerous obstructions." And counsel's exception to the criticised passage of the charge was grounded upon the asserted proposition that "there was no duty upon the plaintiff to look at the floor; she had a right to expect that the entrance way, being the normal entrance to the store, was free from obstruction and safe for a patron to use." It is axiomatic that the rule that one who enters store premises by invitation may lawfully assume that the proprietor has performed his duty to render the premises reasonably safe, is not applicable where the invitee knows the contrary to be the case. The duty rests upon the invitee, in such a situation, to use the degree of care for his own safety commensurate with the known risk.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 16.

*For reversal*—None.