WILLIAM CARD, PLAINTIFF-APPELLANT, v. DURWOOD CARRIGAN, DEFENDANT-RESPONDENT.

Submitted May 18, 1948—Decided September 3, 1948.

For the plaintiff-appellant, *Parsons, Labrecque, Canzona & Combs (Edmund J. Canzona)*.

For the defendant-respondent, *Roberts, Pillsbury, Carton & Sorenson* (*Sverre Sorenson*).

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The appeal is from a judgment of nonsuit entered in the Supreme Court upon a finding of contributory negligence as a matter of law.

The following state of facts appeared from the testimony of the plaintiff. Plaintiff was employed by the Seaboard Ice Company for the delivering of ice. For two years prior to the accident sued upon he had made daily delivery of ice at the barroom of the defendant Carrigan and at the moment of the accident was engaged in such a delivery. In the floor of the barroom, between the bar and the back bar, was a trap door which opened upwards and was used for the purpose of dropping barrels to the cellar by sliding them on a runway. Plaintiff knew that the trap door was there and that at times it was open. There were windows in the room, one of which was above the trap door, and although there were paper streamers which somewhat obscured the passage of direct rays of sunshine to the interior there was ample light to enable plaintiff to see the trap door. The reason he did not see it on this occasion was that he went in too quickly. He was under instructions from his boss and also from the defendant not to go behind the bar. Nevertheless he was accustomed, on occasions when there was not a barman in attendance, to go there in order to put the ice in the cooler. On the day in question defendant was on the porch of the premises busy fixing a sign. Plaintiff said, "Hello," but defendant "didn't answer. He was busy." Plaintiff passed into the barroom and found no one there. Knowing that in doing what he did he was violating the instructions of his superior and also of the defendant, he hurried behind the bar and fell through the open trap.

It may be that there was a triable issue as to whether plaintiff's practice on occasion to go behind the bar served to nullify, so far as the defendant was concerned, the instruction that he should not do so, but the clear fact remains that in going there plaintiff was perfectly aware that there was a

trap door which might be open, which was open and which he could readily have seen was open had he looked, and that notwithstanding such knowledge and such opportunity he rushed into the danger without making an observation.

Two questions are always involved where negligence or contributory negligence is alleged. The first is whether the conduct of the persons so charged constituted negligence; the second is whether that negligence contributed to the injury sustained. Ordinarily those questions are for the determination of the jury; but if, upon the evidence adduced, it clearly appears that such negligence does exist and that it has a causal relation to an injurious accident, the question becomes one of law for the court. *Sharpe* v. *Public Service Railway Co.*, 103 *N. J. L.* 583; *affirmed*, 109 *Id.* 272. If the facts presented on the part of a plaintiff are such that the jury cannot reasonably infer from them that his conduct was not in a legal sense contributory to the production of the damage sustained by him, a nonsuit becomes proper as the proof in such event has failed to show a legal cause of action. *Harper* v. *Erie Railway Co.*, 32 *Id.* 88; *James* v. *Delaware, Lackawanna and Western Railroad Co.*, 92 *Id.* 149.

The opening through which plaintiff fell was not a trap in the ordinary sense of the word. It was a facility that apparently was necessary for the operation of the business. Plaintiff was burdened with the duty of exercising a degree of care for his own safety commensurate with the known risk. *Newbury* v. *American Stores Co.*, 115 *N. J. L.* 604. It is apparent from the plaintiff's own testimony that he failed in that duty, and that his failure materially contributed to the injury sustained. We find no reasonable ground for debate on that question and, therefore, conclude that the allowance of the nonsuit was proper.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, COLIE, WACHENFELD, BURLING, JACOBS, WELLS, DILL, FREUND, MCLEAN, JJ. 12.

*For reversal*—HEHER, EASTWOOD, SCHETTINO, JJ. 3.