7 N.J. Super. 197 (1950)
72 A.2d 533
CARL RADO, PLAINTIFF-APPELLANT,
v.
HARRY ZLOTNICK AND SUSIE ZLOTNICK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1950.
Decided April 17, 1950.
Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Hyman W. Rosenthal argued the cause for appellant; Mr. Harry Chashin, on the brief (Messrs. Marcus & Levy, attorneys).
*198 Mr. Arthur J. Blake argued the cause for respondents; Mr. Edward A. Markley, on the brief (Messrs. Markley & Broadhurst, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
At the end of the plaintiff's case, in the Law Division of the Superior Court, the defendants moved for judgment for defendants and against the plaintiff. The motion was granted and plaintiff appeals from the judgment entered.
The plaintiff sued for personal injuries sustained by him when he tripped over logs lying in the rear yard of premises owned by the defendants. The plaintiff was a tenant of the defendants, having rented the first floor apartment of the two-family dwelling and a garage on the left rear part of the premises about three years prior to the date of the accident. The rear yard was for the common use of the tenants. On the left side of the dwelling there was a driveway leading to the plaintiff's garage. There was a back door leading to the rear yard. A concrete walk about twelve inches wide ran along the rear of the building from the back door over to the driveway, a distance of about fifteen and one-half feet.
In July, 1947, the defendants were engaged in sawing a telephone pole, fourteen to sixteen inches in diameter, into sections about four to five feet long. The plaintiff aided the defendants in sawing the pole, and assisted the defendant Harry Zlotnick in carrying two of the logs to the rear yard and in placing them near the concrete walk, one about two inches and the other about two feet therefrom. At that time Harry Zlotnick told the plaintiff that he would put the logs in back of the garage on the following day. About three weeks later, on the night of August 7, 1947, between 9:30 and 10 P.M., the plaintiff left his apartment, with the intention of going to his garage in order to get some scissors from the trunk of his car. He generally used the front door in going to and from his garage, because the back door was usually locked. On this occasion, he went out the back door, walked *199 left "on that concrete because it was dark and I know that pole was there" and then, while taking a "little shortcut" from the walk across the grass to get to the garage, he misjudged his step and tripped over one of the logs lying near the concrete walk. The plaintiff admitted that it was a very dark night, that there was no light in the rear yard, and that he did not strike a match or attempt to get any other light to aid him. The defendants' answer set up the defenses of contributory negligence and assumption of risk.
The plaintiff argues that contributory negligence and assumption of risk were questions for the jury under the facts of this case.
We think that the conduct of the plaintiff, whether it be classed as contributory negligence or assumption of risk, barred recovery as a matter of law. With knowledge of the danger, and fully understanding the risk, the plaintiff chose to rely upon his ability to cross through the rear yard without mishap on this very dark night. He was under no compulsion to take the path he took, and he made no effort to secure the aid of light. Since he deliberately incurred the obvious risk, he cannot hold the defendants for the ensuing damage, even though the defendants created the dangerous condition. Cf. Bianchi v. South Park Presbyterian Church, 123 N.J.L. 325 (E. & A. 1939); Card v. Carrigan, 137 N.J.L. 722 (E. & A. 1948); Solomon v. Finer, 115 N.J.L. 404 (Sup. Ct. 1935); 58 A.L.R. 1428; 38 Am. Jur., Negligence, § 97.
The judgment is affirmed.