Wendell CAPENER and Betty Capener,
Appellees,

v.

Peter G. DUIN and Leora M. Duin,
Appellants.

No. 53728.

Supreme Court of Iowa.

Dec. 9, 1969.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, Sioux City, for appellants.

James, Greer, Nelson & Bertell, Spencer, for appellees.

LARSON, Justice.

This is an appeal from two actions brought separately by Wendell Capener and his spouse Betty Capener, tried jointly by agreement of the parties. The basis of both damage claims against defendants is a fall by plaintiff-invitee on icy porch steps leading to a mailbox at defendants' residence. Trial was to the court and resulted in a judgment against the defendants and in favor of plaintiff Wendell Capener in the sum of $17,050 and in favor of plaintiff Betty Capener in the amount of $500.

Appellants contend (1) that the verdicts are not sustained by sufficient evidence in the record and are contrary to law, (2) that the plaintiff Wendell Capener was contributorily negligent as a matter of law, (3) that the plaintiff Wendell Capener voluntarily assumed the risk in walking on the icy steps, and (4) that the court erred in the admission of certain evidence relating to how such ice accumulated on the porch steps. After a careful review of the record, we affirm both judgments.

I. Generally, questions of negligence, contributory negligence, and proximate cause are for the finder of fact; it is only in exceptional cases that they are decided as a matter of law. Rule 344(f) (1), Rules of Civil Procedure.

In considering the sufficiency of the evidence to sustain a judgment for plaintiff, we must view the evidence most favorable to him. Clark v. Marietta, 258 Iowa 106, 109, 138 N.W.2d 107, 109; Brooks v. Dickey, Iowa, 158 N.W.2d 11, 13.

II. From the record we learn that Wendell Capener, whom we shall refer to as plaintiff herein, is a 40-year-old mail carrier at Spencer, Iowa, and had been so employed for the past eight years. On December 26, 1964, he was assigned to the

route which included defendants' residence. He delivered mail to this residence on December 29 and 30, and on the 31st the accident occurred which gave rise to these claims. During that week there had been intermittent periods of snow and sunshine, and the temperature ranged between 4° and 36° above zero. Icy conditions prevailed throughout the area during this period. Freezing and thawing occurred usually at midday. There was about 4 inches of snow on the ground, but none on the walk, steps or porch at the time. December 31st was a sunny day with good visibility.

Defendants' mailbox was on an open porch to the left of the path to the front door. To reach it from the street one must traverse a cement walk, climb four steps to the porch, and then take about four steps to the left. The plaintiff recalled nothing unusual about the condition of the steps or porch on December 30th, the day before this accident. However, he testified that if he had slipped on that date at that place he would have remembered the icy spot, which he did not.

On December 31st plaintiff was dressed in a winter wool uniform and his boots had gum-rubber waffle soles. As he went up defendants' steps he noticed some ice on them, but said he did not realize the extent or slickness of the ice until after he had fallen. It did not appear to present a situation different from that which mailmen must accept in order to deliver the mail in that area during that time of the year. He did not recall seeing any abrasive material such as sand, salt or sawdust, on the surface of the steps or porch on that occasion. Although he pays attention to the condition of steps on his route, he did not stop and examine them at each of the 400 residences he served.

Plaintiff had a full load of about 25 to 30 pounds of mail in his shoulder bag as he traversed the steps at defendants' home. He also had some mail in his hand as he attempted to leave. There was no hand rail along the four steps leading to the open porch, and the porch railing was too low to use for support. Except for those steps, there was no other way to reach the mailbox from the street. On this occasion plaintiff testified he walked up the steps, crossed the porch, deposited the mail in the box, and started back. As he stepped off the top step with his left foot, his right foot slipped out from under him and he went down. After he fell, he observed the surface of the steps and porch and testified the entire surface was covered with smooth ice ranging from one half to one inch in thickness. It was very slick.

After plaintiff fell, he summoned Mrs. Duin and asked her to call the post office for help. When help came, he was taken to the doctor's office. In the fall plaintiff's lower back struck the concrete and, in the opinion of Dr. Blenderman, Mr. Capener has a partial ruptured disk at the L–5 level.

Plaintiff's fall occurred about noon, and the superintendent of mails who answered the call for help said that when he arrived he observed a lot of ice on the steps and a rug that had been thrown over the first two or three steps and on the end of the porch. He remembered no sand, salt, or other abrasive material at that time. A little later the postmaster observed the scene and noticed some sawdust on the walks. He did not know how long it had been there, although it appeared to be fresh. He had no problem then of seeing the ice on the porch and steps and noted it was smooth and slippery.

The defendants who owned the property recalled the incident when Mr. Capener fell. Mrs. Duin did not recall taking particular precautions right after the accident such as spreading rugs and sawdust, but assumed they did. She said they were well aware of the situation relative to their steps and sidewalk and would shovel and sand them when at all possible. They knew the paper boy delivered the paper to the front door and their children often used

that entrance. She knew the porch and steps were slick and slippery and, although they kept abrasive material for that purpose, she did not remember putting sawdust or sand on them that day.

Mr. Duin testified he examined the front porch area later in the afternoon and observed a patch of ice in the middle of the porch, two, three or four feet square, but did not recall having examined the area in the morning of December 31st. He testified that he had put a sand mixture on the area the day before but not that morning.

Mr. Paul Schwarck testified that he had been a mail carrier for 24 years. He was acquainted with defendants' property and observed how rain and snow descended onto the porch and steps from the house roof and caused water to collect on the porch and steps where it could turn to ice. He said he also delivered mail to that address on December 30th. At that time he observed ice on the steps and porch and said they had to walk over it to get to defendants' mailbox.

Certain exhibits were introduced and received showing the steps and slanted roof on the house from which rain and snow could reach the porch and steps. The trial court, on invitation, visited the premises. Weather reports showed there had been a great deal of sleet and freezing rain in that area on December 29, and on December 30 there was a glaze of ice on the highways.

No issue is raised in this appeal as to plaintiff's present condition, as to the extent of his injuries, or as to the amount of the judgments rendered if liability exists.

The trial court held this evidence was sufficient to sustain a finding that, although plaintiff saw the ice, he did not realize its extent and slickness when he attempted to perform his duty to deliver the mail, and that defendants knew or should have known he would not realize the situation and should have taken steps to warn or protect him from the hazard. Thus, the nub of this controversy seems to be, not as to whether there was some ice on the steps and porch, but as to the extent and condition of the ice thereon and the knowledge chargeable to the parties as to that condition.

■ III. Since the opinion rendered in Hanson v. Town and Country Shopping Center, Inc., 259 Iowa 542, 144 N.W.2d 870, we have been committed to the rule that the occupier of real estate is not relieved of liability simply because his invitee was injured by an open, obvious, or known defect or condition, if it appears the invitee, acting reasonably, would not have discovered, realized, or appreciated the danger. We based this determination on the language used in sections 343 and 343A, Restatement, Second, Torts, which provides: "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness * * *." We noted there: "(b) The word 'known' denotes not only knowledge of the existence of the condition * * *, but also appreciation of the danger it involves. Thus the condition * * * must not only be known to exist, but it must also be recognized * * * by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence and judgment."

Although different results on different fact situations have been reached, the principle just announced has been adhered to in all recent pronouncements. See Adams v. R. S. Bacon Veneer Co., Iowa, 162 N. W.2d 470, 473; Chevraux v. Nahas, 260 Iowa 817, 823, 150 N.W.2d 78, 81; Hanson v. Town and Country Shopping Center, Inc., supra, 259 Iowa 542, 549, 144 N.W.2d 870, 874–875; Knudsen v. Merle Hay Plaza, Inc., Iowa, 160 N.W.2d 279, 282; Meader v. Paetz Grocery Co., Inc., 259 Iowa 1101, 1106–1107, 147 N.W.2d 211, 215; Smith v. J. C. Penney Co., 260 Iowa 573, 585–586, 149 N.W.2d 794, 801; Wei-

denhaft v. Shoppers Fair of Des Moines, Inc., Iowa, 165 N.W.2d 756, 759; Ling v. Hosts Inc., Iowa, 164 N.W.2d 123, 127; 54 Iowa L.Rev. 659.

In Hanson v. Town and Country Shopping Center, Inc., supra, the plaintiff was injured by a fall on ice in the defendant's parking lot. In reversing a directed verdict of the trial court, we had this to say: "While ordinarily a possessor of real estate would not * * * (* * * reasonably anticipate an unreasonable risk of harm to an invitee from an open or obvious defect), negligence may exist even though a defect is, in fact, open and obvious where the circumstances are such that there is reason to believe it would not be discovered or become obvious to the invitee or the risk of harm involved would not be anticipated or appreciated by the invitee. In such circumstances there may be generated a jury question as to whether the premises are reasonably safe."

In Knudsen v. Merle Hay Plaza, supra, plaintiff noticed three women having difficulty on the ice and, in attempting to provide aid to them, slipped and injured himself. In affirming a judgment for plaintiff, the court adopted language from Hanson, supra, and said: "Defects in premises which are in no sense hidden and could only be classified objectively as open and obvious, may be of such nature that the possessor should know the invitee would not anticipate or guard against them in using the premises within the scope of the invitation. * * *"

In Smith v. J. C. Penney Co., supra, plaintiff suffered personal injuries from falling on ice near the rear entrance of the store. This court therein reviewed our recent cases and reversed and remanded a verdict of the district court on the ground that "a jury question was presented here as to the negligence of Penney toward plaintiff." Cited as giving rise to the possibility of a jury question is section 343A of the Restatement, Second, Torts.

Adams v. R. S. Bacon Veneer Co., supra, dealt with a business invitee who fell on premises slippery with ice and snow while unloading logs and was injured by a falling log. In holding defendants' possible breach of duty was a question for the jury, the majority of this court stated: "To resolve the question of whether the possessor should know the invitee would not anticipate or guard against open and obvious defects in the premises it must be measured in the light of all the facts shown."

In Chevraux v. Nahas, supra, we dealt with a fall at a sidewalk step-down near a hotel entrance. This court reversed a verdict for plaintiff and stated: "* * * if an existing condition on the property of an inviter if obvious, that is, if both the condition and attendant risk are open, visible and apparent and would be recognized by a reasonable person in the position of an invitee, then the former would not be liable to the latter for physical harm caused him by the condition of the visited premises." A similar result was reached in Meader v. Paetz Grocery Co., Inc., supra, a case in which plaintiff sustained injuries from a fall over a case of peaches left in a supermarket aisle. It was stated therein: "* * * an open or obvious defect might be the equivalent of a trap or pitfall if it appears the possessor knew or should know that the invitee would have no reason to anticipate it, appreciate the hazard created by the condition, or guard against it."

In Weidenhaft v. Shoppers Fair of Des Moines, Inc., supra, plaintiff sustained injuries in a fall after she stepped off a rubber entranceway mat onto the asphalt tile floor. In affirming a denial of recovery, this court quoted with approval from Hanson v. Town and Country Shopping Center, Inc., supra, saying: "We must determine whether under all the facts and circumstances there is sufficient evidence defendant, in the exercise of reasonable care to make the premises reasonably safe for plaintiff-invitee, should have expected that despite the obviousness of the condition of

the strip involved, plaintiff would not realize the hazard and would fail to protect herself against it."

In Ling v. Hosts Incorporated, supra, invitee fell and incurred injuries on an allegedly slippery, wet floor of a hotel lobby on a snowy night. We reversed the district court judgment for invitee because "there is no substantial evidence the alleged slippery condition which caused plaintiff's fall existed for such time any of defendant's employees, in the exercise of reasonable care, should have known of it prior to the occurrence. In the absence of such evidence there is insufficient showing defendant's alleged negligence was the cause of plaintiff's fall."

A study of recent slip and fall cases in Iowa is found in 54 Iowa L. Rev. 659, 662 (February 1969). Therein it is stated: "Under this rule (Hanson) anticipation of harm is required when the land occupier has reason to expect that the invitee's attention would be distracted, or that he would not discover the condition or that he would not protect himself against the danger. In applying this standard the court indicated that the jury was to determine the question of anticipation."

■ Thus, to sustain a charge of negligence, the unsafe condition relied upon must be one of which the owner knew or should have known and had reason to expect that, despite the obviousness of the condition, the invitee would not appreciate the hazard and guard against it.

■ The fact that the invitee comes upon the premises knowing a dangerous condition exists, of course, does not qualify the duty of the property owner to exercise reasonable care for invitee's safety. In other words, the fact that an invitee may assume the risk or is guilty of contributory negligence does not affect or alter the duty of the property owner. ·

■ An invitee is entitled, then, to expect such reasonable care by the invitor to make his premises reasonably safe, not only in the original construction thereof, but in their maintenance, and the invitor must use reasonable care to inspect and discover actual conditions and latent defects, and to repair them or establish safeguards or warnings as may be reasonably necessary for the invitee under the circumstances. Restatement, Second, Torts, § 332(3) and § 343A; Smith v. J. C. Penney Co., supra.

This duty does not extend to hazards which are or ought to be obvious to the invitee and which the property owner would have no reason to anticipate the invitee would not see and appreciate. Meader v. Paetz Grocery Co., Inc., supra.

IV. In the light of the above pronouncements, our first duty is to consider the question of defendants' primary negligence. We must, therefore, examine all the facts and circumstances revealed by the record to determine if the evidence is sufficient to generate a question of fact as to whether defendant-property owners exercised reasonable care to make their premises reasonably safe for plaintiff-invitee and should have anticipated that he, despite the obviousness of the icy condition of the steps and porch, would not reasonably appreciate the extent of the hazard and protect himself against it.

It is not disputed that plaintiff saw some ice on the steps and porch as he approached defendants' mailbox or that he knew that ice was slippery. He believed it was necessary for mailmen to deliver mail even though icy conditions existed throughout the city and, unless for some reason the area to be traversed was especially hazardous, he was expected to perform his duty. In doing so, he said he did not realize the extent or slickness of the ice on the steps and porch, that he traversed them without incident to deposit mail in defendants' mailbox. It was not until

after he slipped and fell that he realized the extent, smoothness, and slickness of the ice thereon. He contends he acted prudently in attempting to perform his duty and was not aware of the peculiar situation at this residence.

On the other hand, there is evidence that defendants knew and realized the situation existing at their steps and porch when there was precipitation, freezing, and thawing, that they knew moisture from the roof and eaves would cover the porch and steps and, when it froze, the ice would be smooth and slick. They testified they usually put an abrasive material on it at these times, had done so the day before, and knew the area was used by paper boys, children, and the postman. It also appeared Mrs. Duin placed a rug over the place where plaintiff fell right after the fall and put an abrasive material over the area later that day.

Appellees contend this evidence was sufficient to generate an issue of fact as to whether plaintiff-postman, as a reasonably prudent person, saw and realized the hazard and exercised due care in performing his duty at that time, and whether the defendants should have anticipated that this invitee would not see and appreciate the danger and fail to properly protect himself from the hazard.

The trial court, acting as a trier of facts, stated it believed the plaintiff had proven by a preponderance of the evidence that defendants had breached their duty to the plaintiff-invitee in allowing and permitting an accumulation of ice upon the steps and porch of their residence and in failing to exercise reasonable care for the safety of the plaintiff-invitee, that defendants in the exercise of ordinary care should have known that such a dangerous condition existed, that the invitee would not appreciate the hazard, and that defendants failed to warn him or protect him from the danger. Under the facts and circumstances revealed by the record, we must agree.

V. The trial court further found defendants failed to establish their claim of contributory negligence or assumption of risk. Their burden in this appeal, of course, is to establish as a matter of law that Wendell Capener was guilty of contributory negligence or assumed the risk. The trial court's decision did not discuss these defenses and they were not orally argued before us. We thus treat these matters briefly.

The issues of freedom from contributory negligence and assumption of risk are closely related to that of defendants' primary negligence and depends upon the same reasoning. Smith v. J. C. Penney Co., supra, 260 Iowa 573, 586, 149 N.W.2d 794, 802, and citations. In Smith, we reaffirmed a pronouncement in Geagley v. City of Bedford, 235 Iowa 555, 561, 16 N.W.2d 252, 256, that "* * * mere knowledge of the danger, before attempting to pass over it, is not conclusive evidence of contributory negligence * * *. The test seems to be whether a plaintiff, knowing of the dangerous condition, believes and has a right as a reasonably prudent person to believe that by the exercise of ordinary care the dangerous place may be passed in safety." Also see Alber v. City of Dubuque, 251 Iowa 354, 357–361, 101 N.W.2d 185, 187–189, 81 A.L.R.2d 699, for discussions to a like effect. Under the circumstances here the issue as to assumption of risk must be governed by the same rule.

Applying the test above stated, the question of freedom from contributory negligence and assumption of risk was for the finder of fact.

VI. Finally, appellants allege error in permitting the witness Daniel H. Maxwell to testify as to his observation as to what happened to precipitation on appel-

lants' house on prior occasions. The witness Maxwell testified that he had carried mail on the route where the Duin house was located. Although this was some time in the past, he said the roof and eaves spouts were substantially the same then as now. He had observed the movement of rain and snow over the eaves onto the porch where it formed smooth ice, which was slippery when wet. An objection was made that this testimony was irrelevant and immaterial to the issues in this case and that no proper foundation was laid. It was properly overruled. Although there was no attempt to show the weather conditions were the same in the past as those when plaintiff was injured, we find no reversible error in permitting an explanation by an observer of how smooth ice of the thickness which had presently accumulated on the porch and steps could occur. In any event, the admission of such explanatory matter is largely for the trial court's discretion. 29 Am.Jur.2d, Evidence, § 301, p. 347; 32 C.J.S. Evidence § 584, p. 713. The photographs of the roof, eaves, and porch of defendants' residence reveal a condition which, in weather such as was described at the time of this accident, could reasonably result in the formation of wet slippery ice on the porch and steps leading to the mailbox. As bearing thereon, see Bunn v. Standard Oil Co., 251 Iowa 7, 99 N.W.2d 436; 31A C.J.S. Evidence § 124(1), p. 222; 32 C.J.S. Evidence § 585, p. 714; 29 Am.Jur.2d, Evidence, § 237, p. 285, and § 300, p. 345.

We find no merit in this assignment.

VII. Finding no reversible error, the judgments rendered herein must be affirmed.

Affirmed.

All Justices concur except REES, J., who takes no part.