**Alvin WIESELER and Glendora Wieseler, Appellants,**

v.

**SISTERS OF MERCY HEALTH CORPORATION, Appellee.**

No. 287/94–337.

Supreme Court of Iowa.

Nov. 22, 1995.

Robert B. Deck, Sioux City, for appellants.

Paul D. Lundberg of Shull, Cosgrove, Hellige, Du Bray & Lundberg, Sioux City, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and SNELL, JJ.

McGIVERIN, Chief Justice.

Plaintiff Alvin Wieseler was injured when he slipped and fell in the defendant hospital's parking lot.

The question here is whether substantial evidence showed defendant hospital should have anticipated harm to Alvin even though he was aware of the slippery condition of the parking lot. We believe a jury question was generated.

In this further review case, plaintiffs Alvin and Glendora Wieseler appeal a ruling of the district court concerning this issue in sustaining defendant Sisters of Mercy Health Corporation's motion for judgment notwithstanding the verdict, following a jury verdict in

favor of plaintiffs for damages allowed as a result of Alvin's slip and fall. We vacate the court of appeals decision that affirmed the district court, reverse the district court's ruling, and remand with instructions to reinstate the judgment previously rendered in favor of the plaintiffs.

I. *Background facts.* Alvin and Glendora Wieseler filed this personal injury action against the defendant owner of the Marian Health Center in Sioux City, the Sisters of Mercy Health Corporation (hospital), based on alleged negligence of the hospital in maintaining its visitor parking lot. Glendora also sought loss of consortium damages as a result of the incident.

On December 29, 1989, Glendora, wife of Alvin, checked into defendant hospital for minor surgery. On December 30, Alvin drove alone to the hospital to pick up Glendora as he expected her to be released that morning. At the time, it was neither raining nor snowing outside.

Alvin arrived at the hospital at approximately 8:00 a.m. and parked his automobile in the hospital's lot denoted "Visitor Parking," which is located across the street from the main entrance to the hospital.

The evidence showed this common entrance/exit was the sole means of accessing the parking lot by vehicle or on foot as there was a gateless fence encompassing the rest of the parking lot.

After stepping from his car and as he walked towards the common entrance/exit of the parking lot, Alvin slipped a bit, but did not fall, and noticed frost on the pavement. He was wearing cowboy boots and, believing the frost to be slippery, he realized he had to be careful as he traversed the parking lot. There were no steps or safety railings within the cross-sloped lot.

Alvin exited the parking lot and entered the hospital's west entrance without incident. After reaching Glendora's hospital room and assisting her in vacating the room, Alvin carried balloons and various other hospital-related items down to the main floor of the hospital.

Leaving Glendora in her wheelchair at the hospital's entrance, Alvin exited the hospital with plans to retrieve his automobile from the parking lot and drive to the entrance in order to pick her up. Alvin testified he did not see a security guard on duty at that time. He exited with both arms full of various items.

After entering the hospital's parking lot in route to his automobile, Alvin slipped on the frost-covered pavement and his feet went out from under him causing him to fall backwards and sustain injuries to his right shoulder.

After the slip and fall, plaintiffs filed a petition against defendant hospital alleging negligence by defendant that proximately caused Alvin's personal injuries and Glendora's alleged loss of consortium. Defendant answered the petition and contended Alvin was negligent in failing to keep a proper lookout for his safety at the time of his fall. The case was tried to a jury.

At trial, in addition to calling Alvin and Glendora as witnesses, plaintiffs called an architect, Dale McKinney, to testify as to the adequacy of the hospital parking lot's design and, in particular, as to the lot's common entrance/exit that serves as a walkway or driveway to and from the lot. The architect testified the walkway's construction left cross and down-slopes in the parking lot. McKinney testified that the walkway could have been constructed in a safer fashion. He also testified that in slick conditions, without a handrail to grasp onto, the walkway leading into the parking lot was in "less than a safe condition."

After the close of plaintiffs' case-in-chief, defendant filed a motion for directed verdict, *see* Iowa R.Civ.P. 216, claiming a verdict should be directed in its favor on the basis that defendant would not reasonably anticipate an unreasonable risk of harm to Alvin from an open and obvious defect, unless there was reason to believe the defect would not be discovered or become obvious to Alvin or the risk of harm involved would not be anticipated or appreciated. Defendant further asserted that plaintiffs presented no evidence as to the length of time the frost was on defendant's parking lot or that defendant knew, or should have known, of the

existence of the frost prior to Alvin's fall. The court overruled the motion.

In its case-in-chief, defendant called hospital security guard, Randy Jorgensen, to testify. Jorgensen works at the hospital's west entrance valeting cars to and from the parking lot and helping people in and out of cars. He was at work on December 30, the day of Alvin's slip and fall, and had been to and from the parking lot ten to fifteen times that morning without slipping or falling. He testified that he did not believe the parking lot presented a hazard to the visitors that morning, as he did not notice any frost and did not receive any reports of persons falling, besides Alvin, or complaints that the lot was slippery. Jorgensen also testified that on December 30 no salting or sanding was performed prior to Alvin's slip and fall.

II. *Jury verdict and post-judgment motion.* After the close of the evidence, defendant renewed its earlier motion for directed verdict, which was overruled. The court instructed the jury and submitted the case to it for deliberations. The jury returned a special verdict finding the hospital was negligent in failing to exercise reasonable care to make the defendant's premises safe for plaintiffs' use, and that Alvin and the hospital were each fifty percent at fault, *see* Iowa Code § 668.3(2)(b). Based on the special verdict as to damages, the court entered total judgments of $21,666.55 plus interest against defendant and in favor of Alvin for his personal injury claim for past and future damages.[1] The court also entered a judgment against defendant in favor of Glendora for $4,000 plus interest on her loss of consortium claim.

After the verdict, defendant filed a motion for judgment notwithstanding the verdict, *see* Iowa R.Civ.P. 243, in which it claimed, as a matter of law, plaintiffs failed to generate a jury question concerning defendant's alleged negligence. The court sustained defendant's motion, thereby setting aside the jury's verdict and dismissing plaintiffs' action. Plaintiffs appealed the district court's judgment notwithstanding the verdict. We transferred the case to the court of appeals. *See* Iowa Code § 602.4102(2).

The court of appeals affirmed the district court's grant of defendant's motion for judgment notwithstanding the verdict. That court concluded the plaintiffs did not present substantial evidence to show that defendant should have expected that Alvin would fail to protect himself from the dangerous condition that he knew existed at the time of his fall.

We granted plaintiffs' application for further review. *See id.* § 602.4102(4).

III. *Standard of review.* We review a district court's grant of a judgment notwithstanding the verdict for correction of errors at law. Iowa R.App.P. 4; *Gerace v. 3-D Mfg. Co.,* 522 N.W.2d 312, 315 (Iowa App. 1994).

IV. *Reviewing grant of motion for judgment notwithstanding the verdict.* To determine whether the district court committed an error at law in sustaining defendant's motion for judgment notwithstanding the jury's verdict in favor of the plaintiffs, we view the evidence in accordance with the same principles required for review by the district court. *Smith v. Smithway Motor Xpress, Inc.,* 464 N.W.2d 682, 684 (Iowa 1990). We view the evidence in the light most favorable to the party against whom the motion was made, taking into consideration every legitimate inference that may fairly and reasonably be made. *See* Iowa R.App.P. 14(f)(2); *Smithway,* 464 N.W.2d at 684; *Konicek v. Loomis Bros., Inc.,* 457 N.W.2d 614, 617 (Iowa 1990). A motion for judgment notwithstanding the verdict must stand on the grounds raised in the motion for directed verdict. *Valadez v. City of Des Moines,* 324 N.W.2d 475, 477 (Iowa 1982).

Our only inquiry in assessing a motion for judgment notwithstanding the verdict here is whether there is sufficient evidence to justify submitting the case to the jury. *Smithway,* 464 N.W.2d at 684. A motion for judgment notwithstanding the verdict should be denied if there is substantial evidence to support each element of the

---

**1.** The jury's verdict, before being reduced by a percentage equal to the percentage of compara-tive fault the jury assigned to Alvin, was $43,333.

plaintiffs' claims. *Slocum v. Hammond,* 346 N.W.2d 485, 494 (Iowa 1984).

Negligence questions are typically for the jury and in only exceptional situations may negligence cases be decided by the court as a matter of law. Iowa R.App.P. 14(f)(10); *Capener v. Duin,* 173 N.W.2d 80, 81 (Iowa 1969); *see Perkins v. Wal–Mart Stores, Inc.,* 525 N.W.2d 817, 820–21 (Iowa 1994) (holding summary judgment evidence presented jury question in negligence case on the issue of whether debris on defendant store's floor caused plaintiff to slip and fall); *Randol v. Roe Enters., Inc.,* 524 N.W.2d 414, 417 (Iowa 1994) (holding summary judgment evidence presented jury question in negligence case on the issue of whether an alleged drop-off between gravel and paved portions of defendant's parking lot was a proximate cause of plaintiff's slip and fall).

V. *Whether a jury question was generated.* The controlling question in this negligence case is whether substantial evidence showed defendant hospital should have anticipated harm to Alvin even though he was aware of the slippery condition of defendant's parking lot.

Paragraph two of jury instruction 12 stated plaintiffs must prove:

> The condition [on defendant's premises] was one that a person in the defendant's position should have expected would not have been discovered or realized by the plaintiff [Alvin] or *one that the defendant should have expected the plaintiff would fail to protect himself from.*

(Emphasis added.)[2] If substantial evidence supports that proposition, a jury question is generated and the district court should not have sustained defendant's motion for judgment notwithstanding the verdict.

A. *Land possessor's duty to invitee or business visitor.* The contested element of plaintiffs' slip and fall claim derives from Restatement (Second) of Torts sections 343 and 343A as originally adopted by us in *Hanson v. Town & Country Shopping Center, Inc.,* 259 Iowa 542, 548, 144 N.W.2d 870, 874 (1966), refined in *Weidenhaft v. Shoppers Fair,* 165 N.W.2d 756, 758–62 (Iowa 1969), and applied in several other cases. *See, e.g., Konicek,* 457 N.W.2d at 618–19; *Stover v. Lakeland Square Owners Ass'n,* 434 N.W.2d 866, 872 (Iowa 1989); *Parsons v. National Dairy Cattle Congress,* 277 N.W.2d 620, 623–24 (Iowa 1979); *Mundy v. Warren,* 268 N.W.2d 213, 217–18 (Iowa 1978); *Frantz v. Knights of Columbus,* 205 N.W.2d 705, 710–12 (Iowa 1973); *Greenwell v. Meredith Corp.,* 189 N.W.2d 901, 905–06 (1971); *Ives v. Swift & Co.,* 183 N.W.2d 172, 175–76 (Iowa 1971); *Capener,* 173 N.W.2d at 83–87; *Adams v. R.S. Bacon Veneer Co.,* 162 N.W.2d 470, 472–74 (Iowa 1968); *Knudsen v. Merle Hay Plaza, Inc.,* 160 N.W.2d 279, 281–82 (Iowa 1968); *Smith v. J.C. Penney Co.,* 260 Iowa 573, 584–86, 149 N.W.2d 794, 801–02 (1967); *Chevraux v. Nahas,* 260 Iowa 817, 822–27, 150 N.W.2d 78, 80–83 (1967); *Meader v. Paetz Grocery Co.,* 259 Iowa 1101, 1105–07, 147 N.W.2d 211, 215–16 (1966).

■ 1. *Premises liability under Restatement (Second) of Torts section 343.* Under Iowa premises liability law, the scope of the duty of care that a possessor of land owes to an entrant is based on the entrant's legal status as either a trespasser, licensee, or invitee. *Morgan v. Perlowski,* 508 N.W.2d 724, 727 (Iowa 1993).[3] The Restatement outlines the duty owed by a possessor of land to business visitors or invitees:

> [An invitee] is entitled to expect [the possessor to exercise reasonable care to make the land safe for his or her entry] not only in the original construction of the premises, and any activities of the posses-

---

2. We note that in our most recent outdoor slip and fall on snow/ice case, *Kragel v. Wal–Mart Stores, Inc.,* 537 N.W.2d 699, 705 (Iowa 1995), we stated the language in a similar Restatement (Second) of Torts sections 343 and 343A jury instruction was a correct statement of the law as it pertains to the duty of a possessor of land to business invitees.

3. Invitees are defined by the Restatement:

(1) An invitee is either a public invitee or a business visitor.

. . . .

(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. Restatement (Second) of Torts § 332 (1965); *see Konicek,* 457 N.W.2d at 618.

sor or his employees which may affect their condition, but also in inspection to discover their actual condition and any latent defects, followed by such repair, safeguards, or warning as may be reasonably necessary for his protection under the circumstances.

Restatement (Second) of Torts § 343 cmt. b.

Premises liability in this case arises, if at all, under section 343 of the Restatement that provides:

**Dangerous Conditions Known to or Discoverable by Possessor**

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

2. *"Known and obvious" exception to premises liability.* Even if plaintiffs presented enough evidence to generate a jury question on its Restatement section 343 premises liability claim, plaintiffs still face the hurdle of Restatement section 343A which states:

**Known or Obvious Dangers**

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

(Emphasis added.) *See Capener,* 173 N.W.2d at 83. This section creates an exception to general premises liability under Restatement section 343.

There is an important limitation to the section 343A exception that reimposes premises liability on a possessor of land that, despite the openness and obviousness of the danger that was the cause of physical harm to the invitee, should have anticipated the harm and taken steps to prevent the harm from occurring but did not. *See* Restatement (Second) of Torts § 343A(1). Our case law has followed Restatement section 343A comment f which poses scenarios in which a jury could find a possessor of land should have anticipated the harm that resulted despite the fact that the danger was obvious or known to the business invitee. *See Konicek,* 457 N.W.2d at 618. One such scenario involves injuries sustained by a business visitor or invitee who slipped and fell on a slippery stairwell that was the only route to the business invitee's office. *See* Restatement (Second) of Torts § 343A cmt. f, illus. 5.

B. *Contentions of the parties.* Plaintiffs argue the district court erred in relying on our decision in *Weidenhaft,* 165 N.W.2d at 758–62, to sustain defendant's motion for judgment notwithstanding the verdict. Plaintiffs contend the district court's decision is in conflict with our decision in *Capener,* 173 N.W.2d at 83–87, and other Iowa cases.

Defendant contends that the district court correctly relied on the *Weidenhaft* case to sustain defendant's motion for judgment notwithstanding the verdict.

C. *Relevant Iowa authorities.* After considering relevant authorities, we agree with the plaintiffs that *Capener,* a slip and fall on ice case in which we held the jury verdict for plaintiff was supported by sufficient evidence, *Capener,* 173 N.W.2d at 85–86, is factually more similar to the present case than is the *Weidenhaft* decision. In *Weidenhaft,* the plaintiff slipped and fell indoors on defendant store's wet floor. *Weidenhaft,* 165 N.W.2d at 758. The jury returned a verdict for the defendant. *Id.* at 757. We affirmed the jury's verdict and, moreover, stated the district court should have sustained defendant's earlier motion for a directed verdict. *Id.* at 763.

We do not believe *Weidenhaft* is factually similar enough to the present action for us

to conclude that the decision precludes the jury from deciding the present case. *Weidenhaft* involved an invitee's *indoor* slip and fall in a puddle of *water* whereas the present case involved an invitee's *outdoor* slip and fall on *frost.*

In other premises liability cases, consistent with *Capener* and analogous to the present action, involving invitees who sustained injuries after slipping and falling on icy conditions outdoors, we have commonly held that fact questions existed for a jury or trier of fact to consider and decide. *See, e.g., Frantz,* 205 N.W.2d at 712 (affirming district court judgment in favor of plaintiff and holding the evidence supported plaintiff's contention that defendant breached its duty of care when plaintiff slipped and fell on defendant's ice-covered premises); *Adams,* 162 N.W.2d at 474 (reversing directed verdict for defendant and holding plaintiff's slip and fall while unloading logs on defendant's slippery premises presented a negligence question for the jury); *Knudsen,* 160 N.W.2d at 287 (affirming jury verdict in favor of plaintiff who slipped and fell on defendant's ice-covered parking lot, thus agreeing with district court's decision to overrule defendant's motion for judgment notwithstanding the verdict); *Smith,* 260 Iowa at 586, 149 N.W.2d at 802 (reversing district court's judgment notwithstanding the verdict and holding plaintiff who slipped and fell on defendant's ice-covered premises generated a jury question on the issue of defendant's negligence); *Hanson,* 259 Iowa at 552, 144 N.W.2d at 876 (reversing directed verdict for defendant and holding plaintiff's slip and fall on defendant's icy parking lot generated a jury question on whether defendant breached its duty of care to the plaintiff); *Meier v. Phillips,* 256 Iowa 757, 763, 129 N.W.2d 92, 96 (1964) (reversing and remanding to reinstate jury verdict for plaintiff who slipped and fell on defendant's snow and ice-covered sidewalk); *Christianson v. Kramer,* 255 Iowa 239, 250–51, 122 N.W.2d 283, 290 (1963) (reversing directed verdict for defendant and holding plaintiff's slip and fall on defendant's ice-covered stairwell generated a jury question as to whether defendant was aware of the condition and should have warned plaintiff of the danger); *Corkery v. Greenberg,* 253 Iowa 846, 851, 114 N.W.2d 327, 330 (1962) (affirming district court's decision to submit negligence case to jury on the issue of whether defendant's failure to cure an icy condition in its parking lot subjects it to liability for damages sustained by plaintiff in a slip and fall). *But see Schleisman v. Dolezal,* 254 Iowa 1114, 1119–20, 120 N.W.2d 398, 401 (1963) (affirming district court's grant of judgment notwithstanding the verdict for defendant and holding a jury question was not generated with respect to negligence claim of invitee who, aware of the slippery conditions, slipped and fell on rough snow and ice that covered defendant's driveway).

D. *Premises liability based on the facts of the present case.* The question in the present case is whether the plaintiffs' evidence was sufficient to generate a jury question on all of the issues raised by Restatement sections 343 and 343A, and, in particular, whether the jury could find the frost on the parking lot's pavement created an unreasonable risk of harm from which the hospital should have expected Alvin would fail to protect himself.

The district court held that plaintiffs presented no evidence to show defendant hospital should have anticipated that the frosty condition of the parking lot's pavement presented an unreasonable hazard even to persons using due care.

We conclude the district court was in error. We believe the dangerous condition posed by frosty pavement was or should have been just as obvious and known to the hospital as it was to Alvin. *See Konicek,* 457 N.W.2d at 619. Also, the fact that the danger was known or obvious to Alvin is not conclusive in determining the hospital's duty or in determining whether the hospital acted reasonably in not taking precautions to prevent the type of accident that occurred here. *See id.* at 618. Moreover,

the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk.... It is not, however, conclusive in determining the duty of the possessor, or

whether he has acted reasonably under the circumstances.

Restatement (Second) of Torts § 343A cmt. f.

In the present case, Alvin, age sixty at the time of trial, exited the hospital's west entrance with both arms full of items possessed by his wife related to her stay at the hospital. In a situation analogous to the present case, the Restatement poses a scenario in which a grocery store owner is subject to liability when a customer, carrying two armfuls of groceries, trips over a fallen rainspout and sustains injuries. *See* Restatement (Second) of Torts § 343A cmt. f, illus. 4.

Defendant does not dispute the fact that there was frost on the pavement or the plaintiffs' allegations that the frost caused Alvin's fall and was the proximate cause of his resulting injuries. Defendant maintains, however, that plaintiffs' evidence is not sufficient to generate a jury question on the defendant's negligence because Alvin knew the pavement on which he fell was slippery, knew he should walk with caution, and did not inform the security guard of the slippery conditions.

 We believe that it would be reasonable for a jury to conclude that the hospital should have realized the hidden danger presented to persons venturing into the lot where slippery conditions *could* be present. Moreover, we believe that even though Alvin knew of the potential danger presented by the slippery conditions, the hospital should have realized he might fail to protect himself from the condition due to the fact there is only one common entrance/exit to the parking lot. We believe the evidence was such that the jury could reasonably conclude that Alvin knew the parking lot driveway was frosty but did not realize how slippery it was when going downhill with his arms full of hospital-stay related items.

The fact that the jury found Alvin fifty percent at fault under the comparative negligence instruction, for not keeping a proper lookout for his safety when entering the parking lot, does not preclude submitting to the jury the issue of defendant's alleged negligence in not exercising due care to make defendant's premises safe for Alvin's use.

After considering the law and facts in this case, we conclude a jury question was properly generated and there was no basis to justify vacating the jury's verdict. *See Konicek,* 457 N.W.2d at 619 (affirming district court's decision to overrule a motion for judgment notwithstanding the verdict in premises liability case when the evidence presented several jury questions on Restatement (Second) of Torts section 343 and 343A issues); Iowa R.App.P. 14(f)(10).

VI. *Conclusion.* We vacate the court of appeals decision, reverse the district court's grant of defendant's motion for judgment notwithstanding the verdict, and remand with instructions to reinstate the judgment previously rendered in favor of the plaintiffs.

**DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**