748 A.2d 121 (2000)
329 N.J. Super. 398
Angel JIMENEZ, Plaintiff-Appellant,
v.
Charles MAISCH, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted March 14, 2000.
Decided April 3, 2000.
*122 Kenneth A. Young, for plaintiff-appellant.
Crawshaw, Mayfield, Turner, O'Mara, Donnelly & McBride, for defendant-respondent (Tricia E. Habert, on the brief).
Before Judges PRESSLER, CIANCIA and ARNOLD.
The opinion of the court was delivered by ARNOLD, J.S.C. (temporarily assigned).
Plaintiff Angel Jimenez, a postal employee, was injured when he slipped and fell on the walkway or driveway of defendant Charles Maisch's house while delivering mail following the severe snowstorm known as the blizzard of `96. Defendant's motion for summary judgment was granted by the motion judge on the ground that defendant had no duty to make the premises reasonably safe for plaintiff as an invitee. We affirm, concluding that defendant's duty of care did not extend to these circumstances under the test set forth in Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 625 A.2d 1110 (1993).
Briefly, the facts viewed in a light most favorable to the plaintiff, see Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995), are as follows. On January 12, 1996 at approximately 2:30 p.m., plaintiff, a mail carrier for the United States Postal Service, was delivering mail on Edgehill Road in Gibbsboro, New Jersey. Plaintiff allegedly slipped and fell either on the driveway or the walkway leading to defendant's house at 34 Edgehill Road after he had delivered mail to defendant's house and was walking to the next house on the mail route. The walkway or driveway was entirely covered with nearly one foot of snow and a layer of ice which had accumulated beneath the snow. Plaintiff, who was wearing snow boots, alleges that his right foot slid forward, his left foot slid backwards, his knee hit the pavement and he fell to the ground. As a result of the fall, plaintiff suffered a *123 tear of the anterior cruciate ligament and medial meniscus in his left knee and a bone contusion lateral femoral condyle. requiring surgical repair. He filed this complaint seeking compensatory damages.
Upwards of thirty inches of snow had fallen in the area during a thirty-seven hour span on January 7th and 8th, 1996. A state of emergency was in effect from January 8, 1996 to January 13, 1996. The day the accident occurred, January 12, 1996, was the first day the local postal service resumed delivering mail after a several day hiatus. Consequently, as plaintiff testified, he was carrying a heavier mailbag than usual. Half the houses in defendant's neighborhood had walkways and driveways that were completely shoveled, one-quarter were partially shoveled and one-quarter, including defendant's, were not shoveled at all.
Plaintiff's personal injury complaint asserted negligence on the part of defendant for failing to shovel his driveway. Defendant moved for summary judgment contending that plaintiff failed to make a prima facie case of negligence against defendant. Plaintiff opposed the motion contending that plaintiff was an "invitee" on the premises and that defendant owed a reasonable duty of care to plaintiff and that the question of whether defendant breached a duty of care was an issue of material fact for the jury to consider. Although the motion judge assumed plaintiff was an invitee, he granted the motion stating:
I am not aware of any case that requires a landowner to clean up a drivewaya residential landowner to clean off a driveway. I do not note as a matter of law this is not a latent defect. If it is a defect, the obviousness of the defect is so clear that the fact that the landowner didn't clean his driveway, perfectly, from 33 or 31 inches of snow would not violate any duty owed to this plaintiff.
Plaintiff raises the following points on appeal:
POINT I
THE TRIAL COURT ERRED IN GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLANT, ANGEL JIMENEZ WAS AN INVITEE AT THE TIME HE WAS SERIOUSLY INURED
A. THE COMMON-LAW TRIPARTITE CLASSIFICATION
B. THE COMMON-LAW CLASSIFICATION OF THE APPELLANT, ANGEL JIMENEZ
C. THE DUTY OWED TO APPELLANT, ANGEL JIMENEZ, AS A COMMON-LAW INVITEE
D. THE STEPS TAKEN BY RESPONDENT TO PROTECT THOSE LAWFULLY ON HIS PREMISES
E. THE DUTY OWED TO THE APPELLANT, ANGEL JIMENEZ, UNDER A GENERAL DUTY OF REASONABLE CARE.
POINT II
THE TRIAL COURT ERRED IN GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, WHERE THE TRIAL COURT MADE SEVERAL CREDIBILITY DETERMINATIONS
The sole issue on appeal is whether defendant breached a duty to make his premises reasonably safe for plaintiff by removing ice and snow from the walkway or driveway.
The traditional common-law approach to landowner tort liability toward a party injured because of a dangerous condition on private property is "predicated on the status of the person on the property at the time of the injury," i.e. whether the injured party is a "trespasser", "licensee" or "business invitee". Hopkins v. Fox & Lazo Realtors, supra, at 433, 625 A.2d 1110. Indeed, even recent cases have continued to apply the common-law legal relationships in defining a landowner's duty of care. See, e.g., Moore v. Schering Plough, *124 Inc., 328 N.J.Super. 300, 746 A.2d 1 (App. Div.2000) (security guard was invitee owed a duty of reasonable care at the commercial premises he patrolled); Rigatti v. Reddy, 318 N.J.Super. 537, 541, 723 A.2d 1283 (App.Div.1999) (landowner owed employee of an independent contractor injured on his property a duty owed to an invitee); Accardi v. Enviro-Pak Sys. Co., 317 N.J.Super. 457, 722 A.2d 578 (App.Div.), certif. denied, 158 N.J. 685, 731 A.2d 45 (1999) (independent contractor deemed to be invitee).
Although no published decision in New Jersey has determined whether a mail carrier injured on residential premises to which he is delivering mail enjoys the status of a business invitee, the jurisdictions that have considered this issue are almost in universal accord that letter carriers are invitees. See A.L. Schwartz Annotation, Liability of Owner or Occupant of Premises for Injuries Sustained by Mail Carrier 21 A.L.R.3d 1099, 1103 (1968), see also 62 Am.Jur.2d Premises Liability, § 418, (1972). Accordingly, we conclude that plaintiff was an invitee. In general, a landowner has "a non-delegable duty to use reasonable care to protect invitees against known or reasonably discoverable dangers." Kane v. Hartz Mountain Indus., 278 N.J.Super. 129, 140, 650 A.2d 808 (App.Div.1994), aff'd, 143 N.J. 141, 669 A.2d 816 (1996).
Nevertheless, that does not end the inquiry. In Hopkins v. Fox & Lazo Realtors, supra, the Supreme Court found that instead of a landowner's duty of care turning on the common-law designation of the party injured, the determination "[w]hether a person owes a duty of reasonable care toward another [should turn] on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy." Id. at 439, 625 A.2d 1110. (citation omitted). These factors include "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." Ibid. number of courts have used the fairness test in determining whether a landowner had a duty of care. See, e.g., Alloway v. Bradlees, Inc., 157 N.J. 221, 230-32, 723 A.2d 960 (1999) (in construction site accident case, subcontractor had duty of care for injuries sustained by an employee of a different subcontractor); Kuzmicz v. Ivy Hill Park Apartments, Inc., 147 N.J. 510, 515-16, 688 A.2d 1018 (1997) (landlord had no duty to protect tenant from assault on neighboring vacant lot); Brett v. Great American Recreation, Inc., 144 N.J. 479, 677 A.2d 705 (1996) (ski-area operator owed duty to tobogganers using lighted ski trail after hours); Slack v. Whalen, 327 N.J.Super. 186, 742 A.2d 1017 (App.Div.2000) (property owners had no duty to exercise reasonable care for employee's safety at work site where they were unaware of plaintiff's work methods and risk of harm).
The determination of whether a party owes a duty of reasonable care to another is "very fact-specific" and is to be made by the court. Hopkins, supra, at 439, 625 A.2d 1110. Here, we have considered that not only had there been a very severe snow storm resulting in a state of emergency still in effect when plaintiff fell but also that the risk was obvious to plaintiff, see, e.g., Card v. Carrigan, 137 N.J.L. 722, 61 A.2d 263 (E. & A.1948); Newbury v. American Stores Co., 115 N.J.L. 604, 607, 180 A. 875 (E. & A.1935); Pearlstein v. Leeds, 52 N.J.Super. 450, 459, 145 A.2d 650 (App.Div.1958), certif. denied, 29 N.J. 354, 149 A.2d 303 (1959). See also Schwartz v. Selvage, 203 Neb. 158, 277 N.W.2d 681, 683 (1979), noting, in denying recovery to the mail carrier that the clutter on the porchthe allegedly dangerous conditionwas "obvious to him." But cf. Capener v. Duin, 173 N.W.2d 80 (Iowa 1969) (finding that defendants had breached duty to invitee mail carrier in allowing steps and porch of their residence.) In addition, we must consider the burden *125 upon homeowners if they were required to clear driveways and walkways following such a storm as this. Weighing all these facts in light of considerations of public policy and fairness, we find defendant, in these circumstances, had no duty to clear snow and ice from his driveway and/or walkway.
The second point plaintiff raises on appeal relates solely to the issue of whether plaintiff fell on defendant's driveway or on his walkway. We perceive no difference in result as to whether plaintiff fell on the walkway leading to the house or the driveway.
The summary judgment appealed from is affirmed.