```
NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION
```
This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1515-16T2

MICHAEL V. MANGONE and
DENISE MANGONE,

    Plaintiffs-Appellants,

v.

PIAZZA & ASSOCIATES, INC.,
MONTGOMERY WOODS HOMEOWNERS
ASSOCIATION, INC., and
BEVERLY L. BEER,

    Defendants-Respondents.

_____

Submitted October 30, 2017 — Decided November 16, 2017

Before Judges Sabatino and Ostrer.

On appeal from Superior Court of New Jersey,
Law Division, Mercer County, Docket No. L-
2426-15.

Stark & Stark, PC, attorneys for appellants
(Domenic B. Sanginiti, Jr., of counsel and on
the briefs).

Margolis Edelstein, attorneys for respondents
Piazza & Associates, Inc. and Montgomery Woods
Homeowners Association, Inc. (Jeanine D.
Clark, on the brief).

Gage Fiore, LLC, attorneys for respondent Beverly L. Beer (AnnMarie Flores, on the brief).

PER CURIAM

Plaintiff, Michael V. Mangone,[1] a UPS delivery worker, was injured as the result of falling on the driveway of the defendant homeowner, Beverly L. Beer, on the morning of December 17, 2013. The homeowner had left for work earlier that morning. She had requested a UPS delivery of a package to be made by 10:30 a.m. The record shows that it was lightly snowing at the time of the incident and that it had snowed the previous day. About 2.5 to 3.5 inches of accumulated snow was estimated to be present on the ground at the time. Plaintiff sued Beer, along with co-defendants Piazza & Associates, Inc. and Montgomery Woods Homeowners Association, Inc., for negligence.

The trial court granted summary judgment to defendants, concluding that defendants did not breach a legal duty under the circumstances presented. We affirm.

We agree with plaintiff that he was a business invitee on the premises and was owed a duty of care to provide him with a reasonably safe means to make his delivery. The situation is analogous to <u>Jimenez v. Maisch</u>, 329 <u>N.J. Super.</u> 398, 401-02 (App.

---

[1] The injured plaintiff's spouse is named in the complaint as a co-plaintiff.

Div. 2000), which concluded that a mail carrier injured on residential premises has the status of a business invitee.

That said, we concur with the entry of summary judgment. Even viewing the record, as we must, in a light most favorable to plaintiff, <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 <u>N.J.</u> 520, 540 (1995), there is no genuine material issue of fact and no legal basis for imposing liability here. Case law does not impose a legal obligation on a residential property owner to clear a driveway during an ongoing snow storm. The residential owner instead has a duty under tort law to remove snow within a reasonable period of time after a snow event. <u>See</u> <u>Jimenez</u>, <u>supra</u>, 329 <u>N.J. Super.</u> at 403.

Moreover, although it is not necessary to our analysis, plaintiff's liability theory is undercut by substantial issues of proximate causation and comparative fault, as the record reveals that UPS drivers have the prerogative to decline to attempt deliveries in foul weather when surface conditions are dangerous.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1515-16T2